D. F. SULLIVAN, A. G. BRYAN, WILSON BEAR REALTY COMPANY, a Corporation, HAROLD J. McCASKILL, HARRIET McILWAIN and WILLIAM E. McILWAIN, her husband, *Appellants,* v. DUVAL LUMBER COMPANY, a Corporation, *Appellee.*

Division B.

Opinion filed March 12, 1930.

522

*Watson & Pasco & Brown,* for Appellants;

*Philip D. Beall* and *John M. Coe,* for Appellee.

BUFORD, J.—This was a suit brought to enforce a material-man's lien for material furnished to a contractor for the construction of certain houses which the contractor was under agreement to construct for the owner.

The appeal is from a final decree in favor of the complainant.

The owner, Sullivan, contracted with Wilson-Bear Realty Company, which will hereafter be designated as the Com-

pany, to finance the building of the houses. Under that agreement the company obligated to finance the costs of the houses. It was to have exclusive sale of the houses after completion, for a commission. It was to write the fire insurance upon the houses. It was provided than in case the construction should cost more than the contract price, the company and the owner should agree upon such additional cost to be incurred and that the company would bear one-half of the carrying charges and assume equal responsibility of all indebtedness on the property. Sullivan was to give, and did give, a first mortgage on the property for the sum of $21,300.00 to secure the loan advanced by the company. The company and Sullivan were to share equally the net profits when the houses were sold. Sullivan contracted with Bryan for the construction of the houses. Bryan executed a bond to Sullivan, securing the faithful performance of the contract, and also obligating to pay all persons who might have contract directly with the principal (in this case Bryan) for labor or material. The complainant furnished to the contractor upon his order to be used, and which were used, in the construction of the building, building materials, mill work and supplies for which there was a balance due at the time of the institution of the suit the amount of $3,417.75. Lien notice was filed within the time provided by statute and suit to enforce the lien was instituted within the statutory period.

The only material question presented in this appeal is whether or not Bryan, contractor, had been paid in full the contract price for the construction before notice of lien was served on the owner. It is contended by the appellants that full payment had been made. On the other hand, it is contended by the appellee that payment had not been made and that the decree of the chancellor is without error.

It is claimed that payment was made to the contractor by the company charging the balance due from Sullivan to Bryan as a debit on the account of D. F. Sullivan and then opening a new account on its books and crediting the full amount of the debt to such new account of Bryan.

We are unable to concur with counsel for the appellants that this constituted a payment by Sullivan to Bryan, the contractor. The company was acting, if not in its own behalf and as agent for Sullivan, certainly as the authorized agent for Sullivan to disburse the fund derived from the loan made by the company to Sullivan in the payment of the obligations of Sullivan to Bryan and the company could not by a mere book entry change its status from that of agent for Sullivan to that of agent for Bryan. There is no evidence in the record that we have been able to find that the money was so handled or placed that Bryan ever at any time had any supervision or control over it. The record shows that the company placed the money to Bryan's credit not for the purpose of delivering it to Bryan but for the purpose of distributing it to the creditors of Bryan pro rata who had furnished labor or materials for the construction. We see no difference between the legal aspect of this transaction and that which would have obtained had the money been turned over to Sullivan and had he credited the account made on his books to Bryan with the sum thereof for the purpose of making a record of the amount of the balance due and for the purpose of distributing that amount to creditors pro rata.

It is contended that Bryan approved this book entry and that, therefore, he was bound to accept the same as payment. Under the facts and circumstances of this case, we do not think that that conclusion necessarily follows, even if it is conceded that the record shows such approval by Bryan, because the record shows that Bryan had already

given orders to the company for the payment to creditors of more money than was due him under the contract and that he was told by the officers of the company that the entry had been made for the purpose of pro-rating the money between his creditors. The company still held the money and it held the money not as agent for Bryan but as representing Sullivan to whom the loan had been made and for whom it had obligated to disburse the fund. The company had not lost control of the money and the money was, therefore, in the hands of the company as the representative of Sullivan, the owner, at the time and after the notice of lien was served.

For the reasons stated, the decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.