STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, and, A. G. BRYAN, *Plaintiffs in Error*, v. DUVAL LUMBER COMPANY, a Corporation, *Defendant in Error*.

Division B.

Opinion filed March 12, 1930.

*Carter & Yonge,* for Plaintiffs in Error;

*Philip D. Beall* and *John M. Coe,* for Defendant in Error.

BUFORD, J.—Defendants in error were plaintiffs in the court below and sued the plaintiffs in error upon a builders bond wherein A. G. Bryan was principal and Standard Accident Insurance Company, a corporation, was surety, for building materials and supplies furnished to Bryan upon the construction contract between Bryan and one Sullivan.

Default was had against Bryan. The surety company filed pleas. The pleas involved are numbered 5, 6 and 7, to which pleas demurrers were interposed and sustained. Plea No. 5 was as follows:

"For plea pro tanto, that defendant A. G. Bryan, with moneys paid him by said D. F. Sullivan, on account of his contract for construction of said houses, paid to plaintiff the sum of $951.65, which amount plaintiff, though knowing that the money so paid it was derived from said source, applied to other indebtedness due it by said Bryan contracted for materials for buildings which said Bryan was constructing for other persons in which D. F. Sullivan has no interest whatsoever and for which this defendant was in no manner liable as surety or otherwise."

Plea No. 6 was as follows:

"That on or prior to December 23, 1925, and subsequently at the time the bond sued upon was executed, the Wilson-Bear Realty Company, a corporation, was defendant's agent at Pensacola, Florida, where the contract mentioned in the declaration was executed and to be performed and was performed and as such

agent had authority to solicit and procure applications for and recommend to this defendant for execution as surety, bonds of the nature here sued upon for contractors constructing buildings; that on the day of the execution of the contract between D. F. Sullivan as owner and A. G. Bryan as contractor referred to in said bond, to-wit: On December 23, 1925, the said Wilson-Bear Realty Company, who was then and there the agent of defendant as aforesaid, without defendant's knowledge, on its own behalf as aforesaid, without defendant's knowledge, on its own behalf and not on defendant's behalf, entered into a contract with said owner, D. F. Sullivan, whereby after reciting that Sullivan desired to construct four houses at a cost of $21,300.00 described therein which were the same as those mentioned in the bond sued upon, it was agreed that said Wilson-Bear Realty Company should finance the cost of said houses; that said Sullivan would execute a mortgage to said company for the amount of the cost of each house separately bearing 8% interest, said mortgage to be a first mortgage on the property and to be executed as the construction of each house began, interest to be pro rated as money was drawn by the contractor on the certificate of W. D. Willis, architect, who was the architect designated in the contract for the construction of said houses between said Sullivan and Bryan; that the houses were to be sold at a price and terms to be agreed upon by said Company and Sullivan and the net profits to be equally divided between them; that said Company should have the exclusive sale of the houses and charge a commission of 5% and write the fire insurance to cover such house to the amount of the mortgage thereon; that any additional cost contracted for, pertaining to the construc-

tion of the houses should be agreed upon by the Company and Sullivan before being authorized; that the lots on which the houses were to be built were mutually agreed to be worth $1,000.00 each and Sullivan was to be paid said amounts out of first payments received from sale of houses; that profits were to be based on sale price of houses less agreed value of lots, cost and carry charges; that the Company agreed to bear one-half of all carrying charges and to assume equal responsibility of all indebtedness on the property; that said contract between said Wilson-Bear Realty Company and said Sullivan was carried out between them and the cost of construction of said houses financed by said Company in the manner provided by said contract; that said Company, when the bond sued on was executed, and when it entered into said contract with said D. F. Sullivan, which was prior to the execution of the bond sued on, was the agent of this defendant as aforesaid, and as such agent requested, recommended and procured said contractor's bond sued upon to be executed by attorneys in fact of this defendant in its name, located at Jacksonville, Florida, having authority to sign bonds for defendant, all by correspondence through the mails, and received from defendant the sum of $63.90 compensation as such agent for its services on account of the solicitation of and procuring the application for and recommending said bond, said amount being the usual commission of 20% of the premium paid for said bond by said contractor; that this defendant was entirely ignorant of the said relations between its said agent, the Wilson-Bear Realty Company, and said D. F. Sullivan and of the said contract between them and of the personal interest of its said agent in the houses to be con-

structed and in the contract between said Sullivan and said Bryan for the construction of said houses and had no notice or knowledge thereof until after this suit was brought and has never ratified said bond nor consented to be bound thereby after receiving such knowledge.''

And plea No. 7 was as follows:

''Defendant alleges all and singular the matters and things set forth and as alleged in the foregoing plea No 6 and in addition thereto says:
''That plaintiff furnished the materials mentioned in the declaration directly to said contractor, A. G. Bryan, and upon his sole credit and responsibility and not upon the credit or responsibility of this defendant, and at the time said credit was extended plaintiff did not know of the existence or terms of the bond sued upon.''

It will be observed that plea No. 5 sets up as a defense that Bryan with moneys paid to him by Sullivan on account of his contract for construction paid the plaintiff $951.65, which amount plaintiff, though knowing that the money so paid it was derived from said source applied to other indebtedness due it by said Bryan, contracted for materials for buildings which said Bryan was constructing for other persons in which D. F. Sullivan had no interest whatsoever and for which the defendant surety company was in no manner liable as surety, or otherwise.

It is contended, and we may say properly so, that by the opinion in the case of Fulghum v. State, 94 Fla. 274, 114 So. R. 367, this Court is committed to the rule that, all moneys paid by an owner to a contractor under a construction contract and paid by the contractor to a ma-

terialman to whom he is indebted for material and supplies furnished *for such construction* under such contract are, when the source from which the contractor has derived such money is known to the materialman, subject to an equity which requires the payment to be applied to the extent of the indebtedness for such materials upon the payment of the contractor's obligations for the materials and supplies furnished by the materialman for that particular construction. In other words, under these conditions, if the materialman holds an unpaid account against the contractor for materials furnished under a certain construction contract and the owner under that contract pays a sum of money to the contractor which the contractor, in turn, pays over to the materialman it is the duty of the materialman to apply that fund, if he has knowledge of its source, to that account which will reduce the potential liability of the owner of a surety on a construction bond made by the contractor.

The plea, however, was properly held bad on demurrer, because the plea is fatally defective in that it does not allege that at the time the money was paid by Sullivan to Bryan, or at the time the money was paid by Bryan to the plaintiff, that there existed any indebtedness from Bryan to the plaintiff for material and supplies furnished by the plaintiff to Bryan to be *used in construction under the Sullivan contract* and without this averment there is nothing in the plea to show that any duty rested upon the plaintiff to do other than it is alleged he did do with the alleged payment of $951.65 by Bryan to the plaintiff.

It is contended that the 6th and 7th pleas show a relationship between Wilson-Bear Realty Company, agents for the surety company, and D. F. Sullivan which created such an interest vested in Wilson-Bear Realty Company in the property involved in the construction contract as to

make unenforceable a bond which was written by the surety company upon the procurement of Wilson-Bear Realty Company.

We have carefully considered the pleas and do not think that the allegations therein warrant the conclusion that Wilson-Bear Realty Company had acquired any such interest in the property or in the contract which would vitiate a surety bond written upon the procurement of Wilson-Bear Realty Company, although Wilson-Bear Realty Company was the agent of the surety company and received a commission for procuring the writing of the bond.

The allegations of the pleas fail to show that Wilson-Bear Realty Company had assumed any liability to the contractor other than to pay to the contractor money loaned to Sullivan and to secure the payment of which Wilson-Bear Realty Company had taken a first mortgage on the property involved and to this extent to act as agents for Sullivan in disbursing the fund. Under the allegations of the plea it may be assumed that Wilson-Bear Realty Company might have become liable for some future indebtedness incurred under that company's contract with Sullivan but the pleas fail to allege any facts which would show any liability as principal or owner upon the part of Wilson-Bear Realty Company to Bryan, or to any creditors of Bryan.

Under this construction of the pleas as presented, it is not necessary to discuss the law which would be applicable if the pleas were sufficient to show a pecuniary interest vested in the Wilson-Bear Realty Company in the contract between Sullivan and Bryan.

For the reasons stated the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.