MAX L. BEAR v. DUVAL LUMBER CO.

150 So. 614.
Opinion Filed October 5, 1933.
Rehearing Denied November 9, 1933.

*Watson & Pasco & Brown,* for Plaintiff in Error;
*Carter & Yonge,* for Defendant in Error.

DAVIS, C. J.—This is an outgrowth of the litigation decided by us in two previous cases heretofore brought to this Court. See Sullivan v. Duval Lumber Co., 99 Fla. 521, 126 Sou. Rep. 792; Standard Accident Ins. Co. v. Duval Lumber Co., 99 Fla. 525, 126 Sou. Rep. 643.

The plaintiff in error, Max L. Bear, was made defendant in the court below, in an action at law brought by the defendant in error. Bear was sued as the uncompensated surety on two certain bonds executed by him as surety for the losing principal in the prior litigation just referred to.

One bond was given pursuant to Section 3532 R. G. S., 5396, C. G. L., for the penal sum of $6,835.00, conditioned for the payment of any judgment recovered against the principal, Sullivan, in the suit of Duval Lumber Co. v. Sullivan. Such judgment was recovered and was subsequently affirmed by this Court, as above mentioned. (See the case of Sullivan v. Duval Lumber Company.) The other obligation sued on was a supersedeas bond in the sum of $6,000.00. This bond had likewise been given by Sullivan as principal with Max L. Bear as one of the sureties, conditioned to pay the judgment against Sullivan in favor of Duval Lumber Company, affirmed by this Court on March 12, 1930.

The facts of the controversy are in substance as follows: Sullivan was the owner of certain property. To execute

a building on such property he employed one Bryan as his building contractor. Bryan entered into a formal written construction contract with Sullivan. One of the conditions of the contract was that he give a bond to the owner for the owner's protection against liability for materialmen's liens. The building contracted for was fully completed, delivered to, and accepted by, the owner, Sullivan. At that time Sullivan still owed the contractor the sum of $5,325.00 on the contract, while Bryan, the contractor, owed his own creditors for labor and material the sum of $6,662.13. Standard Accident Insurance Company, the real party plaintiff in the present suit, was surety on the bond of the contractor (Bryan).

The amount of the contractor's bond was $10,650.00. It was conditioned that Bryan, the contractor, would faithfully perform the contract on his part; would satisfy all claims and demands incurred for same; would faithfully indemnify and save harmless the owner (Sullivan) for all cost and damage that he might suffer by reason of failure so to do; would faithfully reimburse and repay the owner (Sullivan) all outlay and expense, which such owner might incur in making good any such defaults, and would pay all persons who had contracts directly with the principal for labor or materials.

As a result of the outcome of the suit of Duval Lumber Company v. Sullivan (affirmed in 99 Fla. 521, 126 Sou. Rep. 792), plaintiff below in this case, Standard Accident Insurance Company, as surety on the contractor's bond aforesaid, became contingently liable to pay, and did in fact pay, to said Duval Lumber Company, the amount of its materialman's lien that had been reduced to judgment against the owner, Sullivan, for the amount thereof. The amount of the judgment was $4,703.97 and costs. In con-

sideration of this payment, Duval Lumber Company, the judgment creditor, then transferred and assigned to Standard Accident Insurance Company, the decree and judgment against Sullivan so paid off by said Standard Accident Insurance Company.

So the present suit may, in simple language, be described as a suit at law by Standard Accident Insurance Company, as assignee (and subrogee) of the Duval Lumber Company's $4,703.97 judgment against Sullivan, to compel Max L. Bear, as Sullivan's surety on his lien release bond given under Section 5396, C. G. L., 3532 R. G. S., as well as a $6,000.00 supersedeas bond for the same claim, to reimburse Standard Accident Insurance Company for what it had put out in order to purchase the assignment, because of its own bond obligation to satisfy the Duval Lumber Company judgment against its obligee, if not so handled.

In negation of the recovery sought, defendant, Bear, filed certain pleas to the Standard Accident Insurance Company's declaration. These pleas in substance presented the broad defense that Bear, as the non-compensated surety for a claim against the owner, Sullivan, on a lien release bond given under the statute (Section 5396, C. G. L. *supra*), as well as on the supersedeas bond given for the same indebtedness, could not be required to respond in this case, to the compensated surety on the building contractor's bond given to that same owner, and that covered the same debt. This was claimed to be so because he, Bear, was entitled in law to the benefit of all estoppels and defenses that might be availed of by his own immediate principal, Sullivan, against liability to pay the claim in suit to Standard Accident Insurance Company, Sullivan's obligee on the contractor's bond, had the suit been brought by Standard Accident In-

surance Company against Sullivan and not against Sulli-van's own separate surety, Bear.

In addition to the foregoing, it is further contended by way of an equitable plea, that even though such liability should be found to exist and to be enforceable, that Bear as surety on a claim now payable to a materialmen's assignee, that had itself become liable therefor, should be credited with $1,337.32, as the amount of the difference that Standard Insurance Company had, on its own contractor's bond become liable to pay, over and above the amount of the funds in the owner's hands available to discharge labor and materialmen's liens against the owner still existing after the building was completed and accepted.

The whole question relates to the right claimed by Bear to urge in this suit any legal or equitable defenses his principal, Sullivan, could make, if sued on the same cause of action; that is to say, if Sullivan were sued herein as principal on the bonds for whose penal sum Bear is claimed to be liable as Sullivan's surety.

The general rule, as stated in 21 Ruling Case Law, 1077, is that sureties may plead anything which their principal might plead, in his denial of liability on the bond. Where a surety is sued alone, whatever would discharge him in equity is a good defense at law. A surety may make any defense, not personal to his principal, that the principal can. See also: United States Fidelity & Guaranty Co. v. Town of Dothan, 174 Ala. 480, 56 Sou. Rep. 953; Stearns on Suretyship (3rd Ed.), par. 102.

But in this case, in order to determine the extent to which the rule may be applied to the facts of the present controversy, it is necessary to consider the nature of Bear's suretyship for Sullivan *under the particular bonds sued on.*

The first of these bonds was given under Section 5396, C. G. L., 3532 R. G. S., which reads as follows:

"Any lienee may release his property from any lien claim thereon under this Chapter by filing with the clerk of the circuit court a bond with two good and sufficient sureties, to be approved by the clerk, payable to the person claiming the lien in double the sum claimed, and conditioned for the payment of any judgment which may be recovered on said lien, with costs. (Chap. 5143, Acts of 1903, Sec. 19.)"

The object of it was to secure the release from the Duval Lumber Company's materialmen's lien of the principal, Sullivan's, property, the lien being at the time in process of foreclosure by judicial proceedings. That bond was conditioned, as the statute provides, for the payment of any *judgment* which might be recovered on said lien, with costs. Such judgment was recovered by Duval Lumber Company and thereby both Sullivan, his principal, and Max L. Bear, as his surety, became liable to Duval Lumber Company for the payment of such judgment.

The second of the bonds was given as a supersedeas bond to secure payment of the judgment rendered in the case wherein the lien had been released by the first bond. Both bonds were therefore in effect given to secure the payment of the Duval Lumber Company's judgment against Sullivan on the former's materialmen's lien.

Conceding then as a correct proposition of law, that a surety can lawfully plead any defense not personal to his principal, that his principal could plead, can it be said that the principal, Sullivan, would have any lawful right to plead as against Duval Lumber Company the matters it here attempted to plead as a defense against Duval Lumber Company's express assignee (as well as subrogee), Standard Accident Insurance Company?

Undoubtedly Standard Accident Insurance Company had become liable on its contractor's bond to suit by Duval Lumber Company to recover on the same materialmen's claim that it elected to litigate against Sullivan, the owner. But when Standard Accident Insurance Company paid to Duval Lumber Company the amount of that company's material-men's lien decree, and took an assignment of it, it did not do so in discharge of any then-fixed liability against it as the obligee of the owner, Sullivan, but rather in anticipation and avoidance of such liability's being asserted against it in the event the Duval Lumber Company's judgment should not be paid.

In this case, while Standard Accident Insurance Company happened to have previously become a surety for the payment of the same debt that was afterward placed in judgment against Sullivan, the property owner, by the materialman, Duval Lumber Company, that circumstance is inconsequental in this case wherein *Standard Accident Insurance Company* sues only as the direct and specifically designated assignee of Duval Lumber Company.

Both bonds sued on were bonds given to secure the payment of the assigned judgment. The rendition of that judgment had estopped the parties to it and their privies from raising, as against the obligee's suit on the bonds, any defense against the judgment itself. As assignee of the obligee, Standard Accident Insurance Company, stands vested with the same right that was vested in its assignor at the time the assignment was made. That right was to sue Bear, as surety on the bonds, to collect the amount of the Duval Lumber Company's judgment, which the bonds obligated the surety to pay.

So it was no defense to the Standard Accident Insurance Company's suit brought in its capacity as assignee, for Bear

to show that Sullivan, if sued by said plaintiff, could have set up in his own behalf what might be termed not a strictly legal defense at law but an equitable defense in the nature of a counter-claim, based on plaintiff company's liability on the contractor's bond, but as to which the plaintiff was in privity of contract with Sullivan, and not with Bear, Sullivan's surety on another and different bond, given for an entirely different object.

Whether or not Bear, as surety for Sullivan, upon having judgment rendered against him requiring him to pay Sullivan's judgment, would acquire the equitable right, by bill in chancery brought by him against Sullivan and Standard Accident Insurance Company, seeking exoneration to the extent of any equitable set offs that might be found to exist between Sullivan and Standard Accident Insurance Company, that should inure to the indemnity of Sullivan's surety, Bear, is a proposition suggested by Bear's fourteenth plea interposed in this case on equitable grounds. See Brogan v. Ferguson, 101 Fla. 1311, 133 Sou. Rep. 317.

Said fourteenth plea was to the effect that in equity and justice, Standard Accident Insurance Company should credit Sullivan with the difference of $1,337.34, that plaintiff, Standard Accident Insurance Company, under its bond to Sullivan, would have been liable to pay, had no payment been made by Sullivan of moneys on his bond to Bryan, the contractor, after the building was completed and accepted.

But the equitable pleas are purely defensive in character. And such fourteenth plea, being more than one purely defensive in character and which would require an affirmative decree to be entered against Sullivan, who is not a party to this suit at law, was properly ruled out on demurrer as an available defense on equitable grounds to the cause of action herein sued on.

It follows that the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.