KATHRYN C. MAULE, trading and doing business as MAULE IN-DUSTRIES, v. DON D. ECKIS and ZELLA M. ECKIS, his wife, and H. J. SIMONS and EMOGENE SIMONS, his wife.

24 So. (2nd) 576　　　　　　　　　　　　　　January Term, 1946
January 15, 1946　　　　　　　　　　　　　　Division A
Rehearing denied Feb. 15, 1946

*Blackwell, Walker & Gray,* for appellant.
*Bouvier, Goldberg & Haskins,* for appellees.

BUFORD, J.:

The appeal in this case brings for review final decree in a suit to foreclose a mortgage. In the court below the defendants interposed the defense that the transaction was infected with usury and showed that the note and mortgage was for $68,500.00 whereas the amount of money received by the defendants was only $65,000, and that the lender had retained a bonus of $3,500.00.

The note and mortgage provided:

"Mortgage Note.
$68.500.00                                    Miami, Florida
                                              December 16, 1942

"On or before eighteen (18) months from date, I promise to pay to the order of KATHRYN C. MAULE trading and doing business as Maule Industries, at the office of said Maule Industries in Miami, Florida, the sum of Sixty-eight Thousand Five Hundred and No/100 ($68,500.00) DOLLARS, together with interest as hereinafter stated, in the following manner: $1,000.00 on the 16th day of January, 1943 and a like sum on the 16th day of each and every month thereafter to and including the 16th day of May, 1944. The entire remaining balance shall be due and payable on the 16th day of June, 1944. Interest shall be computed on the unpaid balances at the rate of six per cent (6%) per annum and shall be payable on the above dates in addition to the aforesaid principal payments.

"This note shall be considered in default when any payment required to be made hereunder shall not be made within ten (10) days of its due date and shall remain in default until said payment shall have been made. While in default this note shall bear interest at the rate of Nine per cent (9%) per annum.

"All persons now or hereafter becoming parties hereto severally waive demand, notice of non-payment and protest, and jointly and severally agree that in the event of default in the payment of any installment due hereunder for a period of ten (10) days, the whole of said indebtedness shall thereupon, at the option of the holder, become immediately due and

payable, and if this note becomes in default and is placed in the hands of an attorney for collection, to pay reasonable attorney's fees for the collection thereof."

The record shows that there were fifteen $1,000.00 payments and one payment of $2,000.00 on the principal of the obligation and that there was $5,147.00 paid in interest.

The defense of usury is interposed on the theory that the interest $5,147.00, plus the sum retained $3,500.00, making a total of $8647.00, exceeded what the plaintiff would have been entitled to had the interest been figured at 10% of $65,000.00 and that therefore, the transaction comes within the purview of the statute prohibiting usury. See Sec. 687.03 and Sec. 687.04 Fla. Stats. 1941 (same F.S.A.).

It is, therefore, shown that the interest exacted and paid by bonus and otherwise exceeded the amount to which the plaintiff would have been entitled by $172.00. There is evidence in the record tending to show that $5,400.00 was paid as interest which taken together with the $3,500.00 bonus would make $8,900.00 which would exceed the lawful interest by $425.00.

We are loathe to reverse the Chancellor but the record shows that the Master reported his findings to the effect that there was no intentional exaction of usurious interest and the Chancellor first entered a decree confirming the report of the Master and finding in favor of the plaintiff. But, on motion to set aside the decree and reconsider the matter, he set aside the decree and deducted the interest paid together with a like amount and entered a decree for balance due on principal of $34,205.00.

We find that the record shows that the lender, Mrs. Maule, advised her attorney and the defendants when the negotiations were in progress that she wanted only 10% on her money and, in effect, told them that any way they fixed it up so that she would get 10% would be satisfactory to her. She turned the matter over to her attorney and the deal was closed between the attorneys for the respective parties. We think there is a total lack of evidence in the record to show that the lender either intentionally or wilfully violated the provision of Section 687.03, supra. This Court is committed to the rule

that usury is a matter largely of intent. It is not fully determined by the fact of whether the lender actually gets more than the law permits, but whether there was a purpose in his mind to get more than legal interest for the use of his money. See Chandler v. Kendrick, 108 Fla. 450, 146 So. 551; Jones v. Hammock, 131 Fla. 321, 176 So. 674, and cases there cited.

There are a number of other questions presented in this appeal but since we have reached the conclusion that the decree must be reversed, for the reasons stated, it is unnecessary for us to discuss, or pass upon, the other questions.

On authority of the opinions and judgments in these cases, supra, the decree appealed from is reversed with directions that a decree be entered not inconsistent with the view herein expressed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.