THOMAS, Justice.
This controversy was heard upon the appellant’s complaint, by which he sought foreclosure of a second mortgage, the ap-pellee’s answer and counterclaim, the appellant’s answer to the counterclaim, and the testimony offered by the parties. It culminated in a final decree in which the chancellor found that the appellant, mortgagee, had wilfully and knowingly charged the appellee, mortgagor, an amount greater than the sum of the money loaned and 25% per annum upon the principal of the loan.
The chancellor decreed that the appellant forfeit the principal amount of the loan and the interest and that the appellee pay to the appellant as an independent unsecured *19 debt $204.34 representing the amount of $530.40 paid by the appellant to the Miami Beach Federal Savings and Loan Association, in reduction of an outstanding first mortgage, after deducting the $150 paid by the appellee to the appellant under the terms of the second mortgage and also deducting $176.06 which was double the amount of interest received and double the excessive amount withheld by the appellant from the appellee.
The chancellor specifically cancelled the note that evidenced the debt and the mortgage executed by the appellee to secure the loan because, in his opinion, the transaction was infected with usury. Sec. 687.07, Florida Statutes 1953, and F.S.A.
The appellant first contends that he should not be penalized for violation of the statutes denouncing usury because he did not intentionally exact for the use of his money more than a lawful return and he cites the familiar decisions of this court, Jones v. Hammock, 131 Fla. 321, 179 So. 674, and Chandler v. Kendrick, 108 Fla. 450, 146 So. 551, in which the court held a corrupt or unlawful intent to charge more than the legal rate must be present in order to penalize a lender for violation of the law against usury.
The appellant claims that all negotiations except the initial agreement to complete the loan were handled by his attorney and that in such circumstances he was in the same position as the lender described in Maule v. Eckis, 156 Fla. 790, 24 So.2d 576. In that case it was held that there was a total want of evidence that the law had been intentionally violated.
Appellant testified that when he discovered a mistake in his -computation he deducted the unlawful excess from the amount due and attempted to notify the appellee of the error. So, he says, he should be held blameless. Brit the- chancellor believed the testimony which refuted the innocence the appellant claimed for himself and there was enough of it to justify invocation of the statute. Sec. 687.07, supra. Several weeks after the transaction was completed the appellant caused to be mailed to the appellee a statement showing the amount of the loan as $550 when in fact it had been only $474.40. The appellant seems to have frequently insisted on the payment of the larger amount, and in his original complaint he sought to collect it by sale of the encumbered property. After the answer incorporating the defense of usury was filed, the appellant amended his complaint by alleging that he had delivered a check for $550 to his attorney to be held in escrow “pending disbursements in this transaction.” These items he listed as $20 for abstracting, $4.40 for stamps, intangible tax and recording, $35 for attorney’s fee, $200.20 for three payments on the first mortgage, and $157.74 to “[p]ay off Beneficial Finance.” Shown also was a payment to the mortgagor of $57.06. He alleged that the difference between the total of these items and the face amount of the loan resulted from the error of his attorney in crediting the appellant with $75.60.
There is abundant support in the record for the conclusion of the chancellor that appellant knew what he was doing and from the testimony about the amounts involved, it is clear that he was to get a return of $130.60 on a loan of $474.40. Clearly, the amount claimed was greater than the sum of money lent and 25% interest per annum on the loan and the appellant was properly held accountable under the statute. Sec. 687.07, supra.
We affirm the chancellor in his ruling, but we cannot agree that when one is found to have violated that statute, he may on the same facts be penalized also under Sec. 687.04, Florida Statutes 1953, and F.S.A., for violation of Sec. 687.03, Florida Statutes 1953, and F.S.A. We think the, statute providing a penalty for charging more than ten per cent per annum, in which case the lender can recover only the principal and must forfeit twice the interest paid or reserved, may not be cumu- *20 lated with the statute providing that if the total amount charged exceeds the sum of the loan and 25% per annum of the loan, the wilful, knowing lender shall forfeit all principal and interest. These statutes recognize and define degrees of usury and provide distinct and separate penalties.
So the decree is affirmed in part and reversed in part with directions that it be modified to comport with this view.
Affirmed in part and reversed in part.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.