SANDLER, Associate Justice.
Appellant, as plaintiff in lower Court, instituted suit against Appellee (defendant) to recover principal and interest on seven promissory notes, each note being payable ninety (90) days from date. Three bore interest after maturity at 10% per annum, and four of them after maturity bore interest at 8% per annum.
Defendant interposed the defense of usury, in that the interest exacted by the said notes and the contract, pursuant to which the notes were given, exceeded 25% per annum. The defendant also filed a counterclaim seeking to recover in excess of $72,-000 in principal and usurious interest paid. Defendant then moved for a summary judgment to defeat the plaintiff’s original claim, and from the order and summary judgment entered pursuant to this motion, an appeal was taken to this Court. By its opinion and order in Parker v. Brice, Fla., 84 So.2d 323-, the summary judgment was reversed.
After the mandate and opinion of this Court the defendant again filed his motion *155 ior summary judgment, which the plaintiff resisted on the ground that the pleadings, ■depositions, affidavits and exhibits revealed •a question of fact to be tried before a jury. The trial Court again entered summary judgment for the defendant on the issues raised by the complaint and answer, from which judgment this appeal is prosecuted.
While the appeal from the original summary judgment was pending, the trial Court entered a second summary judgment pursuant to appellee’s motion therefor on the issues raised by the appellee’s counterclaim •and answer, which judgment is in the sum •of $46,220.64, and appellant prosecuted a ■separate appeal from this judgment to this 'Court.
Pursuant to a joint motion therefor, the two appeals were consolidated for final argument before this Court, and accordingly the two appeals will be disposed of in this opinion, both growing out of the same suit.
The trial Court found that there is no genuine issue of fact between the parties to the suit, but in its opinion the Court found “that said contract of January IS, 1951, is and was a contrivance or device by which the plaintiff was to charge and exact from the defendant interest on said notes made and dated in 1952 pursuant to said contract at the usurious rate of more than 25% per annum”, and “that plaintiff pursuant to said contract did willfully and knowingly charge and exact from the defendant on each of said notes made and dated in 1952 and aggregating the sum of $37,500 interest at the usurious rate of more than 25% per annum”, which finding is one of the very material issues in the case.
“Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue, summary judgment may not be granted.” Johnson v. Studstill, Fla., 71 So.2d 251, 252.
Involved in each claim of usury is the question of willfulness and intent.
In the case of Jones v. Hammock, 131 Fla. 321, 179 So. 674, 675, this Court held:
“This court has held that one of the requisites of a usurious transaction is that there must exist a corrupt intent to take more than the legal rate for the use of money loaned (Clark v. Grey, et al, 101 Fla. 1058, 132 So. 832), and that usury is largely a matter of intent and is not fully determined by the fact of whether the lender actually gets more than the law permits, but whether there was a purpose in his mind to get more than legal interest for the use of his money (Benson v. First Trust & Savings Bank, 105 Fla. 135,134 So. 493, 142 So. 887, 145 So. 182). Also to work a forfeiture under the statute the principal must knowingly or willfully charge or accept more than the amount of interest prohibited. Chandler v. Kendrick, 108 Fla. 450, 146 So. 551, 552.” See also Maule v. Eckis, 156 Fla. 790, 24 So.2d 576.
In the case of Dezell v. King, Fla., 91 So.2d 624, 626, opinion filed December 19, 1956, which was considerably after this case was disposed of in the lower Court, this Court said:
“The first count of the amended complaint charges that the defendant did ‘then and there wilfully and knowingly’ charge and exact and take from the plaintiff more than ten per cent per an-num”. * * *
and stated a cause of action sufficient to charge that usurious interest was exacted, and that the answer which
“ * * * claims that the contract was made in good faith and with no intention of taking more interest than the law allowed”. * * *
fairly raised a question of willfulness and should be tried by a jury, or if a trial by jury is waived, by the Court.
*156 “The criterion is not simply whether the defendant received more interest than the law allowed but rather did he do so wilfully.”
The question of willfulness being fairly raised and being one of the vital issues in the suit, it should have been tried by a jury, or a trial by jury waived, by the Court, and not disposed of on a motion for summary judgment.
We have refrained from any comment on the evidence because of the fact that this case must be sent back to the trial Court for further proceedings consistent herewith.
The judgments appealed from are each reversed and remanded for further proceedings consistent with this opinion.
TERRELL, C. J., and THORNAL and O’CONNELL, JJ., concur.