HORTON, Judge.
The lower court entered summary judgment against the appellants except as to damages. The cause was submitted to a jury for the assessment of damages only. This appeal is from a final judgment entered after the jury verdict awarding damages to the appellees for an alleged trespass by the appellants upon property occupied by the appellees. The appellees were tenants under a lease from the appellant, D. B. Cameron. Appellant, Knickerbocker Motors, Inc., occupied property adjoining that under lease to the appellees.
The appellees in the lower court charged the appellants with wilful, deliberate and malicious conspiracy to trespass and a resulting trespass by the appellants. The appellants denied these material allegations of the complaint and in addition affirmatively pled that the appellee, Mittuch, had given his consent to the placing of a sign on the appellant’s property in consideration of the appellant, Knickerbocker Motors, Inc., allowing the appellees ingress and egress over a portion of said appellant’s property. Interrogatories were propounded by the ap-pellees to the appellants and sworn answers to the interrogatories were made by both appellants, supporting the affirmative defense of consent to the alleged trespass. After all the pleadings had been filed and answers to interrogatories had been concluded, the appellees moved for summary judgment without supporting affidavits and “ * * * upon the verified complaint, upon the pleadings herein, the exhibits annexed thereto and all the proceedings heretofore had herein, * * The lower court granted the appellees’ motion and entered summary judgment against the appellants except as to damages.
*827 Numerous assignments of error have been made by both appellants upon which they rely for a reversal of the judgment of the lower court. This Court has considered the assignments, but feels the principal point to be decided here is whether the lower court committed error in granting the motion for summary judgment. We think it did.
The allegations of the complaint — that the appellants wilfully, deliberately and maliciously conspired to trespass and did trespass upon the appellees’ leasehold interest; the appellants’ denial of such facts, tendering an affirmative issue of consent given by the appellees for said alleged trespass; and the sworn answers to interrogatories propounded to both appellants that consent had been given by the appellees — were, we feel, sufficient to raise a genuine issue of fact that would preclude the lower court from granting the motion for summary judgment. See Parker v. Brice, Fla.1957, 96 So.2d 154; and Biltmore Village, Inc., v. Bacon, Fla.App., 96 So.2d 594.
Therefore, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.