ALLEN, Judge.
This is an appeal from a summary decree in a suit to foreclose a mechanic’s lien. Gulf Stream Lumber Co. sued Walter F. Lathrop and wife, Janet M. Lathrop, as owners, Lighthouse Builders, Inc., as contractor, and Donald J. Barkheimer and American Window Company, as lienors against said owners’ property, for the purpose of foreclosing a mechanic’s lien in favor of plaintiff. Upon motions of said owners and of plaintiff for a summary decree, the chancellor entered a decree favorable to defendant owners. Plaintiff appeals.
The decree in this case was apparently based upon equitable estoppel, though the chancellor also pointed out that plaintiff had failed to file a cautionary notice as provided by Section 84.04, Fla.Stat.19S5, F.S.A. Also, the parties appear to agree with the statement of fact made by the chancellor, disagreeing only as to the law applicable thereto.
Defendant owners, hereinafter called “defendants,” contracted for construction of a residence on their property with Lighthouse Builders, Inc. As construction progressed, defendants learned, in February, 1956, that their contractor was in financial *56 trouble, so they demanded that bills for all outstanding material, etc., be presented to them and that receipts for all paid bills likewise be presented. Pursuant to this demand, the contractor obtained and delivered to defendants a receipted bill from plaintiff dated February 16, 1956, in the amount of $4,003.71. Defendants subsequently paid all outstanding bills by checks payable to the particular materialman and to the contractor, jointly, and paid the contractor the balance due on the contract. Defendants did not request or obtain a sworn statement from their contractor regarding outstanding material bills, and they moved into their new home March 3, 1956, apparently making their final payment the last week in March.
A short time after giving the February 16, 1956, receipt, presumably around February 25, 1956, plaintiff was informed that the check given for the receipt was uncol-lectable because of insufficient funds. However, the first notice that defendants received of this fact was on June 19, 1956, after being served with a notice of intention to claim a lien by plaintiff dated June 1, 1956, in the amount of $4,122.15. That is, defendants received plaintiff’s notice of intention to claim a lien by mail in Connecticut. They immediately corresponded with plaintiff, making reference to the February 16, 1956, receipt. Plaintiff replied that the check for which that receipt had been given was never collected. Under these circumstances, defendants refused to pay further, and the present suit resulted.
After reciting substantially the above facts, the chancellor dismissed the suit as to defendants. As stated, the chancellor made mention of plaintiff’s failure to serve a notice as provided by Section 84.04(1) and of defendants’ failure to obtain the sworn statement provided for in Section 84104(3). However, it seems clear that the decree is based upon the theory of equitable estoppel alone.
We shall deal first with plaintiff’s attack upon the sufficiency of the facts herein to support application of the doctrine of equitable estoppel.
Basically, the application of the doctrine of equitable estoppel in this case rests on the fact that plaintiff gave a receipt for a check from his contractor, and when the check was returned for insufficient funds, plaintiff made no effort to inform defendants of the fact. This though at least a month passed from the date of return of such check and the date of final payment by defendant to said contractor.
Much is said in the parties’ respective briefs about the relationship between contractor and materialman, that is, that a materialman hesitates to antagonize a contractor by the premature filing of notice of intention to claim a lien or other act which might indicate he fears the contractor will not make proper payment for materials furnished. However, we see no reason why such materialman should be excused for failing to do what any reasonable business person would do to protect himself, aside from the provisions of the ma-chanic’s lien law, when the “red flag” goes up. If he fails to heed the warning, he must suffer consequent loss as between himself and an innocent third party. This, we agree with the chancellor herein, would include prompt notification to defendants that a receipted bill was given in consideration of a check which later proved bad for insufficient funds. We, therefore, affirm the chancellor’s application of the doctrine of estoppel as to the sum represented by said receipted bill. Lehman v. Snyder, Fla. 1955, 84 So.2d 312.
However, we agree with plaintiff that, though estopped to claim a lien for the sum represented by the February 16, 1956, receipted bill, plaintiff is not thereby estopped from claiming a lien for materials furnished subsequent to the date of such release, and that the decree herein should be reversed as it applies to any sum claimed for such materials.
As stated above, such receipted bill is in the sum of $4,003.71 while plaintiff’s *57 claim of lien was in the sum of $4,122.15. This leaves a balance of $118.44 not accounted for by said receipted bill. It appears from the record, particularly the final decree herein, that defendants raised other defenses to plaintiff’s claim which include all amounts mentioned. Since the chancellor specifically withheld ruling upon any theory other than estoppel, we must remand the cause, affirming the chancellor as to the amount represented by the receipted bill of February 16, 1956, reversing as to any amount representing materials furnished subsequent to said date, and directing that further proceedings be had to determine the propriety of plaintiff’s claim for such subsequently furnished materials. Jones v. Neibergall, Fla.1950, 47 So.2d 605.
Affirmed in part, reversed in part and remanded with directions.
KANNER, C. J., and SHANNON, J., concur.