PEARSON, Judge.
The appellants were plaintiffs in an action to foreclose a mortgage. They were the mortgagees and will be referred to as the lenders. The appellees were defendants and counterclaimants. They were the mortgagors and will be referred to as the borrowers. The lenders sought to enforce a lien for a balance of $325.89, upon an original loan of $1,000, plus interest and attorney’s fees. The borrowers pled usury and sought the return, pursuant to section 687.07, Fla.Stat., F.S.A., of all sums paid. The chancellor found that the actual principal sum ($657.40) received by the borrower had been fully repaid and that there was an overpayment of $110.56. His decree cancelled the mortgage; gave judgment against the lenders for the overpayment and denied the counterclaim. The lenders appeal and assign as error the finding that the indebtedness consisted of only the actual sum received by the borrower, ($657.40). The borrowers cross assign as error the finding that, the lenders were no.t. guilty of usury. Upon a consideration of the record and the briefs, we find that there is competent evidence to sustain the findings of the chancellor.
No clearly defined point of law is presented by either appellant or appellee. Each chose to present only a long question, in which the factual background is restated in the light most favorable to his client, preceded or concluded by a suggestion that the court erred in its decree. Such a procedure is not in compliance with Rule 3.7, subd. f(3), Florida Appellate Rules, 31 F.S.A., which requires: “A statement of the case and of the facts and points involved, in a clear and concise manner. * * (Emphasis supplied.) 'Nevertheless, we have considered -the essential questions as we deemed them to have been thus intended.
The record is sufficient to support' the conclusion of the chancellor that the attorney, who handled the entire loan proceeding, was responsible to more than one interest in the transaction. He was introduced into the matter by the A. B. C. Mortgage Company. He performed certain necessary services for the borrower. He was fixed with the full responsibility of disbursement by the lender. The chancellor found, that since the lender saw fit to impose upon the attorney the full responsibility of the disbursements, that the lender was responsible for the fact that no proper account could be made of certain amounts disbursed. Therefore, he properly held *485 that the borrower should not be charged with unauthorized deductions from the amount deposited with the attorney. Cf. Sullivan v. Duval Lumber Co., 99 Fla. 521, 126 So. 792. It was incumbent upon the lenders to see that their attorney properly disbursed the proceeds of the loan.
Further, there is sufficient evidence in the record to support the finding of the chancellor, that there was no intent on the part of the lenders to get more than the legal interest for the use of their money. No evidence was introduced to demonstrate that the lenders had knowledge of the deductions, and the chancellor specifically found that they were “not parties to these unauthorized deductions.” See Chandler v. Kendrick, 108 Fla. 450, 146 So. 551; Jones v. Hammock, 131 Fla. 321, 179 So. 674; Maule v. Eckis, 156 Fla. 790, 24 So.2d 576.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.