VANN, HAROLD (Ret.), Associate Judge.
The appellants, defendants in the trial court, by this appeal challenge a final judgment in the amount of $10,747.21 plus interest awarded a materialman for materials delivered to a HUD construction project.
The materialman, Gory Associated Industries, Inc., allegedly delivered certain roofing materials to the construction site, valued at $22,134.34. Gory claimed it had received payment of $11,187.13 for these materials, so the instant suit was filed pursuant to Section 255.05, Florida Statutes (1975), seeking recovery of the balance due of $10,947.21. In answer thereto, the appellants claimed that Gory had not, in fact, delivered all the materials claimed and that even if it did, it had in fact received payment of $19,359.16 of the amount alleged due and owing. After trial of the cause, the trial court found in favor of Gory and entered the judgment appealed herein..
The appellants have raised two points on this appeal. Point I alleges that Gory failed to prove delivery of the alleged materials, and Point II alleged the trial court failed to set off against Gory’s claim the full amount paid to Gory by the appellants.
We affirm as to Point I. The record contains substantial competent evidence to sustain a finding that Gory had in fact delivered all of the materials alleged in its complaint. Inasmuch as this finding is supported by the evidence, we must affirm. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla.1977); Continental Development Corporation of Florida v. Duval Title and Abstract Company, 356 So.2d 925 (Fla.2d DCA 1978).
The second point must be reversed. The appellants have shown, by unrebutted evidence, that they had in fact paid $19,-359.16 of Gory’s claim and it was error for the trial court not to apply that amount as a credit against said claim. Standard Accident Insurance Company v. Duval Lumber Company, 99 Fla. 525, 126 So. 643 (1930); *140 Lehman v. Snyder, 84 So.2d 312 (Fla.1955); Gulf Stream Lumber Company v. Lathrop, 108 So.2d 55 (Fla.2d DCA 1959).
Therefore, the trial court’s finding that Gory had delivered the materials and that the appellants are liable for. the' unpaid portion of Gory’s account is hereby affirmed. The trial court’s determination of the amount of damages is hereby reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part; reversed in part and remanded.