516 So.2d 29 (1987)
UNITED STATES FIDELITY AND GUARANTY CO., and Mascrete, Inc., Appellant,
v.
MIAMI SHEET METAL PRODUCTS, INC., and Artic Air Condition Corporation, Appellees.
No. 87-210.
District Court of Appeal of Florida, Third District.
November 24, 1987.
Rehearing Denied December 23, 1987.
*30 Gilmour, Morgan & Rosenblatt and Robert A. Rosenblatt, Miami, for appellant.
Ferdie & Gouz and Michael Heidt, Coral Gables, Evan J. Langbein, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant, defendant payment bond surety, seeks review of a final summary judgment entered in favor of appellees, public project subcontractors.
We hold that a surety on a payment bond, issued pursuant to Section 255.05(1)(a), Florida Statutes (1985), in connection with a public construction project, may raise the defense of negligent performance by a subcontractor on the project. Compare Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970); § 713.01(3), Fla. Stat. (1985). The trial court's reliance on Coordinated Constructors v. Florida Fill, Inc., 387 So.2d 1006 (Fla. 3d DCA 1980), was misplaced because the decision in that case turned on a statutory provision that permitted only an "owner" to raise the defense of "proper payment" in a mechanic's lien action. No such statutory limitation has been made to appear as to a negligence defense. Generally, a surety on a payment bond issued in connection with a construction project takes the place of the owner and his property and is entitled to raise the same defenses as the owner in an action brought by a contractor or a subcontractor. Bear v. Duval Lumber Company, 112 Fla. 240, 150 So. 614 (Fla. 1933); 72 C.J.S. Principal and Surety, § 191, at 319 (1987).
No error is urged in the summary judgment in favor of the appellee, Artic Air.
Therefore, for the reasons above stated, the summary judgment in favor of Artic Air is affirmed. The summary judgment in favor of Miami Sheet Metal is reversed and the cause remanded to the trial court for further proceedings on the claim made by it.
Affirmed in part, reversed in part.