572 So.2d 532 (1990)
BILTMORE CONSTRUCTION COMPANY, INC., Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellee.
No. 90-00339.
District Court of Appeal of Florida, Second District.
November 21, 1990.
Maxwell G. Battle, Jr., Dunedin, for appellant.
Craig P. Clendinen of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellee.
Richard V. Harrison, Sarasota, for David T. Demarest and Edith P. Demarest.
PARKER, Judge.
Biltmore Construction Company, Inc. (Biltmore) appeals a final summary judgment entered against it and in favor of National Union Fire Insurance Company of Pittsburgh, Pa. (National Union). We reverse.
The following dates are important in understanding the facts in this case.

*533 05/08/64  Demarest Co., Inc. (Demarest I) was chartered within this state;
04/15/82  Biltmore entered into a subcontract with Demarest I;
06/10/82  Performance bond executed by Demarest I, through National Union, in favor of Biltmore;
12/21/82  Demarest Co., Inc. (Demarest II) chartered within this state;
01/10/83  Demarest I changed its corporate name to D.T.D., Inc.;
11/10/83  D.T.D., Inc. was involuntarily dissolved by the state.
In 1984, Biltmore filed a complaint against Demarest Co., Inc. for failure to perform the subcontract and against National Union on the performance bond. Service of process, however, was completed upon the registered agent for Demarest II. Demarest Co., Inc. and National Union answered the complaint, admitting the existence and execution of the bond. Three years after the filing of the complaint National Union amended its answer to include the affirmative defense that Biltmore had sued Demarest II, which was not the principal under the subcontract and bond. National Union filed a motion for summary judgment on the grounds that Biltmore had sued Demarest II for breach of contract even though Demarest II did not exist at the time the subcontract and bond were executed and also based on Biltmore's failure to plead Demarest I's nonperformance of the contract, a condition precedent to National Union's liability as surety. The trial judge granted the motion for summary judgment and entered a final summary judgment in favor of National Union. It is this judgment which is now before this court on appeal.
First, Biltmore argues that the entry of summary judgment was improper because a genuine issue of material fact existed regarding whether the Demarest Company named in the suit was the same entity which entered into the contract at issue in this case. Biltmore relies upon the affidavit of one of its officers which essentially states that the only Demarest Company Inc. with which Biltmore did business pursuant to the subcontract and bond was the same Demarest Company, Inc. sued in this action and that J. Wade Tucker and Margery Lewis were the individuals with whom Biltmore dealt throughout the course of events relevant to this cause of action. This affidavit was for the purpose of contravening certifications from the Department of State which were already in the record. These certifications showed the following: Demarest Company, Inc. (Demarest I) (charter # 281212) was chartered in Florida on May 8, 1964; that corporation changed its name to D.T.D., Inc. on January 10, 1983; that corporation was involuntarily dissolved on November 10, 1983; Demarest Company, Inc. (Demarest II) (charter # G14437) was chartered in Florida on December 21, 1982; J. Wade Tucker was president of that corporation; and Margery H. Lewis was vice president and secretary of that corporation. It is evident from these certifications that Demarest I had to be the party to the subcontract entered into on April 15, 1982, and the obligee under the performance bond executed on June 10, 1982, because it was the only corporation in existence during these times. It is also evident that the service of process effected on the registered agent on August 14, 1984, could not have been on Demarest I because it had been involuntarily dissolved by that time. The affidavit submitted by Biltmore does not contest any of the Department of State's certifications. Accordingly, there is no issue of fact to be resolved regarding whether the correct corporation was served. Clearly, Biltmore failed to serve Demarest I which was the party under the contract and bond sued upon in this action.
Our determination of this case does not end here. We must address whether Biltmore's allegations in the complaint were directed against the correct corporation. National Union argues that Biltmore failed to plead that the principal of the bond defaulted which was a condition precedent to its liability. National Union states in its brief that Biltmore's "complaint alleged that Demarest II breached the subcontract. [Biltmore] never alleged default by the principal of the bond, Demarest I, which was a condition precedent to liability on the *534 part of the surety." We cannot agree with National Union's representations about the allegations in the complaint. Biltmore alleged the following in its complaint:
8. Demarest has performed a portion of its work but the work is defective and unworkmanlike. These defects include but are not limited to the following:
A. Supplying defective metal siding and accessories which did not meet the requirements of the subcontract agreement.
B. Performing its work under the subcontract in an unworkmanlike manner and in a manner which did not result in the end product meeting the requirements of the subcontract.
C. Failing to perform its work within the time requirements set forth in the subcontract.
D. Refusing to correct work damaged by its employees, agents and assigns on the job site.
9. The foregoing constitutes a material, substantial and continuing breach of Demarest's subcontract.
Further, Biltmore specifically identified the subcontract and bond sued upon in this action and, in fact, attached those documents to the complaint. The subcontract and performance bond clearly identify Demarest I as the party and principal, respectively, to these documents. The record irrefutably demonstrates that Biltmore adequately pleaded the condition precedent to bringing the action.
Both parties agree that Demarest, the principal, is not a necessary or indispensable party to this action by Biltmore, the obligee, against the surety, National Union. See Ruth v. United States Fidelity & Guaranty Co., 83 So.2d 769 (Fla. 1955) (the principal is not a necessary or indispensable party to an obligee's suit against a surety when the bond provides for joint and several liability). The parties, however, failed to address the general rule that a surety is not liable if the principal is not liable. OBS Co. v. Pace Constr. Corp., 558 So.2d 404 (Fla. 1990). An exception to this rule is that a surety may be liable when the principal is not liable because of a defense personal to the principal. Bear v. Duval Lumber Co., 112 Fla. 240, 150 So. 614 (1933). That is the situation that we have here. Demarest may not be liable for breach of the subcontract for lack of personal jurisdiction; however, this defense is not available to National Union. Consequently, National Union may be held liable on the performance bond. We find the trial court's order granting summary judgment was error.
Reversed and remanded.
LEHAN, A.C.J., and FRANK, J., concur.