PARKER, Acting Chief Judge.
Klein Development (Klein) appeals the final summary judgment entered in favor of Ellis K. Phelps & Co. (Phelps) in this construction lien foreclosure action. Because we find that Phelps never released its lien rights, we affirm.
Klein owns a parcel of property that it sought to develop as a new residential subdivision. In 1996, Klein contracted with Cadenhead Construction (Cadenhead) for Cadenhead to provide, among other things, all water and sewer preparation necessary to develop the subdivision. Ca-denhead subcontracted with Phelps to furnish lift station equipment in connection with the sewer system for the subdivision. After entering into the subcontract, Phelps -properly and timely served a notice to owner on Klein pursuant to section 713.06(2)(a), Florida Statutes (1995).
Phelps performed its obligations under the subcontract and submitted an invoice to Cadenhead. Under the payment process devised by Klein, Cadenhead was required to submit subcontractors’ releases of lien to Klein when submitting a draw request. Therefore, pursuant to Klein’s payment process, Phelps provided Caden-head with a fully executed and notarized release of lien by facsimile transmission in exchange for Cadenhead’s check. Caden-head then submitted its draw request to Klein accompanied by Phelps’ faxed release of lien. Due to a dispute with Ca-denhead that was not related to Phelps’ work, Klein declined to honor Cadenhead’s draw request. Because of Klein’s nonpayment, Cadenhead’s check to Phelps was returned for insufficient funds. When Ca-denhead refused to make good on its check, Phelps served and recorded a timely claim of lien on Klein’s property. When Klein refused to pay Phelps’ claim, Phelps sued Klein for foreclosure of the lien.
. In its answer to Phelps’ complaint, Klein raised the faxed release of lien as an affirmative defense. After various discovery was completed, Klein filed a motion for final summary judgment, alleging that it had complied with the provisions of chapter 713, Florida Statutes, concerning mechanics’ liens; that it had obtained a valid release of lien from Phelps; and that it was therefore entitled to the protections included in chapter 713. Phelps filed a cross-motion for final summary judgment, alleging that it had perfected its lien rights, that it never intended the faxed release of lien to be binding, and that it was therefore entitled to final summary judgment in its favor. After a hearing on the matter, the trial court denied Klein’s motion and granted Phelps’ motion for final summary judgment. Klein now appeals this judgment.
After a thorough review of the record, we conclude that the undisputed evidence shows that Phelps did not intend for the faxed release of lien to be binding. As the party moving for summary judgment, Phelps had the initial burden to establish a lack of genuine issues of material fact. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Once Phelps met that burden, the burden shifted to Klein to point to admissible evidence that disclosed a genuine issue of material fact. See Landers v. Milton, 370 So.2d 368 (Fla.1979). In this case, the only evidence before the trial court concerning Phelps’ intent when it faxed the release of lien was the affidavit of Betty Morin, the Phelps’ employee who handled the Cadenhead matter. Her affidavit stated that Phelps did not intend for the faxed release of lien to be binding. Klein pointed to no conflicting testimony or evidence, other than the language of the release of lien itself, that disclosed a genuine issue of material fact concerning the parties’ intent. Rather, Klein conceded at the hearing that there were no issues of material fact. Therefore, Klein failed to meet its burden in opposing summary judgment.
In addition to Morin’s affidavit, evidence of the actions of both Phelps and Klein after delivery of the faxed release of lien contradict Klein’s contention that the parties intended the faxed release of hen to be *443 binding. Morin testified that it was Phelps’ practice to hold the original release of lien until the contractor’s check had cleared to ensure that no lien rights were waived until payment was actually received. Once the contractor’s check cleared, Phelps would forward the original release of hen to the contractor, thus releasing its lien rights. In keeping with this practice, Phelps held the original release of lien in this case while waiting for Cadenhead’s check to clear. Since Caden-head’s check never cleared, Phelps never forwarded the original release of hen, thus not releasing its hen rights. This testimony concerning Phelps’ intent was not contradicted.
Klein’s actions also show that it did not beheve that Phelps’ faxed release of hen was binding. In May 1996, two weeks after Phelps had provided its faxed release of hen, Klein sent a letter to Cadenhead noting that several releases of hen supplied with Cadenhead’s draw requests were invalid because they did not bear original signatures. Klein requested that Cadenhead correct this problem by obtaining valid releases of hen with original signatures from several subcontractors including Phelps. This letter establishes that Klein did not beheve that Phelps had effectively released its hen rights through its faxed release of hen. Thus, as of the date of the letter, Klein was conducting itself as if Phelps’ faxed release of hen was not binding. Because neither Phelps nor Klein acted as if the faxed release of hen was binding, the parties’ conduct did not contradict Morin’s affidavit so as to create a genuine issue of material fact concerning their intent.
Klein argues on appeal that it has the right to rely on the faxed release of hen simply because it has possession of the release. Klein cites to several cases that purport to stand for the proposition that possession of a signed release of hen by the owner is binding regardless of the subcontractor’s intent. However, the cases cited by Klein are inapphcable because in each of those cases, the owner made payments to the contractor in rehance on the subcontractors’ releases of hen. See Lehman v. Snyder, 84 So.2d 312 (Fla.1955); Gulf Stream Lumber Co. v. Lathrop, 108 So.2d 55 (Fla. 2d DCA 1959). In this case, Klein admitted that it made no payments to Cadenhead in rehance on Phelps’ faxed release of hen. In the absence of rehance on the release of lien, we conclude that, under the facts of this case, Klein’s mere possession of the faxed release of hen is insufficient to establish that Phelps released its hen rights.
Affirmed.
WHATLEY and SALCINES, JJ., Concur.