ON MOTION FOR REHEARING

PER CURIAM.
We grant, in part, appellant’s motion for rehearing, withdraw our prior opinion, and issue the following opinion in its place.
Weiss & Woolrich seeks review of the trial court’s order granting appellee AA-GAARD-HARBIN Construction’s motion to dismiss complaint to compel arbitration. We reverse.
Weiss <& Woolrich is the roofing contractor associated with a project on a junior high school in Melbourne, Florida. Weiss & Woolrich entered into a subcontract with appellee AAGAARD-HARBIN CONSTRUCTION, INC., who was to perform metal work on the project. That subcontract contains the following arbitration clause: “any controversy or claim between the contractor [W & W] and the subcontractor [AAGAARD] arising out of or related to this subcontract, or the breach thereof shall be settled by arbitration.”
Thereafter, Weiss & Woolrich filed a complaint against AAGAARD to compel arbitration. AAGAARD moved to dismiss the complaint, alleging that Weiss & ^ool-rich waived its right to arbitrate by “actively participating” in a lawsuit filed in Seminole County, which concerns the same issues as alleged in the instant case. The Seminole County suit was filed by AA-GAARD against Hartford Casualty Insurance Company, the surety who issued the payment and performance bond in connection with the project. As AAGAARD is domiciled in Sanford, there is no dispute that, as a subcontractor, it can file suit there against the surety.
While Weiss & Woolrich is not a party in the Seminole County case, AAGAARD argued that Weiss & Woolrich was the real party in interest in light of its obligation to indemnify Hartford, the surety. Notably, Hartford’s counsel and Weiss & Woolrich’s counsel are one and the same.
There was much discussion below about whether Weiss & Woolrich was forum shopping and whether it was actually litigating the case with Hartford in Seminole County. The record reflects the trial court’s concern that to permit arbitration in Broward County of Weiss & Woolrich’s breach of contract claim against AA-GAARD while AAGAARD was already litigating in Seminole County for the payment bond would bifurcate the litigation. The trial court, therefore, granted AA-GAARD’s motion to dismiss, without prejudice only to the extent that Weiss & Woolrich could come back within 90 days if it could show that it was unable to intervene in the Seminole County action to litigate the arbitration issue.
We agree with Weiss & Woolrich that they were prejudiced since there was no notice that the trial court would consider requiring Weiss & Woolrich to intervene in a lawsuit pending before another circuit court, and that the trial court’s order granting such exceeded the scope of AA-GAARD’s requested relief — to dismiss the complaint for arbitration upon finding waiver. Furthermore, we have not found, and the parties have not cited, any cases holding that a trial court can compel a party to intervene in another action. Generally, a party in the other (i.e. Seminole County) action would move to have an indispensable party included. All seem to agree, however, that Weiss & Woolrich is not an indispensable party to that suit. See, e.g., Biltmore Constr. Co. v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa., 572 So.2d 532, 534 (Fla. 2d DCA 1990).
*649 Accordingly, we reverse the trial court’s order. We note that the trial court never decided the waiver issue. Thus, on remand, the trial court should reconsider Weiss & Woolrich’s complaint for arbitration and hold an evidentiary hearing on AAGAARD’s defense of “waiver.”
REVERSED and REMANDED.
POLEN, STEVENSON and GROSS, JJ., concur.