198 So.2d 652 (1967)
MORSE AUTO RENTALS, INC., a Corporation, Appellant,
v.
DUNES ENTERPRISES, INC., d/b/a Dunes Motel, a Corporation, Appellee.
No. 66-624.
District Court of Appeal of Florida. Third District.
May 2, 1967.
Rehearing Denied May 23, 1967.
*653 Hilery F. Silverman, Miami, for appellant.
West & Goldman, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
SWANN, Judge.
This litigation has been the source of two prior appeals in this court. See Morse Auto Rentals v. Papandrea, Fla.App. 1965, 180 So.2d 351; Dunes Enterprises, Inc. v. Papandrea, Fla.App. 1965, 179 So.2d 580. The focal point of the present appeal is the right of an indemnitee to recover attorney's fees from the indemnitor.
Morse leased a car to Dunes under a lease contract, whereby Morse agreed to provide, inter alia, certain liability insurance for Dunes. The car was involved in an accident while being driven by a Dunes employee, and an injured party, Papandrea, brought suit against Dunes, Morse, and the driver. The insurer from whom Morse had obtained the specified liability insurance became insolvent, and both Dunes and Morse were required to defend the action.
Dunes crossclaimed against Morse for indemnification to the extent that it should have been protected under the insurance policy specified in the lease contract and for attorney's fees. A partial summary judgment was granted to Dunes on its crossclaim against Morse and the case proceeded to a final judgment for the plaintiff, Papandrea.
Morse appealed from that final judgment, assigning as error the granting of the partial summary judgment to Dunes on its crossclaim. In Morse Auto Rentals v. Papandrea, supra, we affirmed, holding that the summary judgment was properly entered and that Morse's contractual obligation to provide insurance entitled Dunes to indemnity. Certiorari was then denied by the Supreme Court on March 8, 1966. Morse Auto Rentals v. Papandrea, Fla. 1966, 188 So.2d 316.
The question of the right to indemnification now being finally resolved, the trial judge, after remand, on motion of Dunes, entered a final judgment for attorney's fees against Morse, from which this appeal has been taken. The reasonableness of the fees is not at issue, only Dunes' right to recover the fees.
The general rule is that an indemnitee is entitled to recover reasonable attorney's fees as a part of its damages.[1] We find this rule to be applicable here.
With regard to the appellant's other contention, that the court had no jurisdiction to enter an order on attorney's fees because of prior rulings, we disagree. We have carefully examined the record brought before us on this appeal and find no specific ruling on attorney's fees, prior to the order appealed from, with the requisite *654 finality to constitute an adjudication on the merits of this element of the crossclaim. It was therefore proper for the trial judge to have ruled on the question once Dunes' right to indemnification had been finally settled.
We have considered the other points raised and find them to have no bearing upon our conclusion.
Affirmed.
NOTES
[1] Fontainebleau Hotel Corporation v. Postol, Fla.App. 1962, 142 So.2d 299. See also 42 C.J.S. Indemnity § 13d; 27 Am. Jur. Indemnity, § 27.