215 So.2d 256 (1968)
D.D. BUSH
v.
CITY OF LAUREL.
No. 45016.
Supreme Court of Mississippi.
October 28, 1968.
*257 Melvin, Melvin & Melvin, Laurel, for appellant.
Daniel, Coker, Horton & Bell, John B. Clark, Jackson, for appellee.
BRADY, Justice:
This cause has been before us once previously when on November 15, 1963, a suit was instituted by Mrs. Margie Upton in the Circuit Court for the Second Judicial District of Jones County against A.A. Bush, Contractor (hereinafter referred to as Bush), and Bush Construction Company, Inc., the United Gas Company and the City of Laurel, Mississippi, for injuries which she alleged had resulted from her falling into a ditch in Laurel. A nonsuit was taken against Bush Construction Company, Inc. The jury returned a verdict for the plaintiff in the sum of $84,583. On appeal to the Mississippi Supreme Court, the judgment against United Gas was reversed. The liability of the other defendants was affirmed, but the case was reversed and remanded for a new trial as to damages only. City of Laurel v. Upton, 253 Miss. 380, 175 So.2d 621 (1965). In the opinion of that cause the liability of the City was predicated on a "non-delegable duty to maintain its streets and sidewalks in a reasonably safe condition," and the City was held liable for the negligent creation of an unsafe condition by its independent contractor.
Meanwhile, on February 24, 1964, after the verdict of the lower court had been returned and pending the appeal, the City filed a suit against Bush and United Gas asking for indemnity. A motion was made by Bush and sustained, giving the defendant Bush thirty days after the determination of the appeal to answer. On April 19, 1966, the City took a nonsuit as to United Gas and filed an amended declaration. In the amended declaration the City asked for $19,163.33, which included a $10,000 settlement with Mrs. Upton, $65.07 court cost, and $9,098.26 attorneys' fees. Pending the second trial on the question of damages, the City had consummated a settlement with Mrs. Upton for $10,000 and had obtained a release from her. Bush, likewise, had settled with Mrs. Upton for $15,000. The City alleged that the $10,000 was their share of the total settlement of Bush and the City for $25,000.
On August 15, 1966, Bush filed a motion to quash and a motion to abate which were not well taken and at that time he also filed his answer. Bush's answer denied that the negligence of the appellee was merely passive and that Bush was liable therefore to the appellee for the settlement, court cost and attorneys' fees. A demurrer was embodied in Bush's answer as was a plea of collateral estoppel. Assertions were also made in the answer *258 that the claim was contrary to public policy and that the City was a volunteer. A counterclaim for $2,500 was also included therein. The City of Laurel answered the affirmative defenses and counterclaim and later interposed a demurrer to Bush's counterclaim. Bush made a motion to be allowed to amend his answer to add the assertion that the City's insurer had paid the $10,000 and was proceeding in the City's name. This motion was not ruled on by the court.
The court overruled Bush's demurrer and entered judgment for the City on July 7, 1967, in the sum of $19,163.33. Bush made a motion to set aside the judgment because there were facts in dispute and because of the conflict between Mississippi Code 1942 Annotated sections 1475.5 and 1491 (1956). Bush made a second motion for permission to file an answer under section 1491 and included therewith his affidavit. Bush also made a motion to set aside the judgment because the opinion had been rendered in vacation without a proper order on the minutes of the court. Appellee filed responses to appellant's motion to set aside the judgment and motion for permission to file an answer, and appellee made a motion to strike appellant's affidavit. The response to appellant's motion for permission to file an answer alleges the following: "That the defendant, through his attorneys and in the presence of the Court in the September, 1966, term, agreed that there was no factual testimony to be adduced except perhaps the annexation of the record filed with the Supreme Court in Cause No. 7804 which gave rise to this action, and that after discussion, it was decided and agreed that the annexation of such record would not be any assistance and that the entire matter should be carried forward on the pleadings, exhibits, and demurrers interposed." This assertion was not denied by appellant in any of his pleadings.
The trial judge set aside the order of July 7 because it violated sections 1522, 1523 and 1649 of the Mississippi Code of 1942. Appellant thereafter admitted that the $9,098.26 was a reasonable attorney's fee. A second order was entered in term time on September 7, 1967, for the City in the sum of $19,163.33.
The first question that is reached on this appeal is the apparent conflict between Mississippi Code 1942 Annotated sections 1491 and 1475.5 (1956) and the effect of these sections on the rights of the parties in the present case. Section 1491 provides:
If the demurrer of the defendant to the declaration be overruled, the court shall give judgment for the plaintiff for the amount due and interest; and a plea shall not be admitted unless the defendant make oath that he has a good and substantial defense, setting forth fully the nature of the defense, that the court may judge whether the plea ought to be admitted or not.
Section 1475.5 reads in part as follows:
1. Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; and the answer may state as many defenses, whether consistent or not and whether heretofore made by plea in abatement or plea in bar, as in law or in fact, the defendant may have to the declaration or to any material part or parts thereof. But if matter which heretofore could constitute a plea be set up in the answer in such a manner as to be clearly distinct and readily separable and go to the entire present cause of action it may, on motion of either or any of the parties, be separately heard and disposed of before the principal trial of the cause, in the discretion of the court; and the said motion shall by itself, without further formalities or any specifications of grounds, operate (1) to set the said matter of plea for argument upon its sufficiency in law, and if held sufficient in law (2) to *259 put in issue upon its facts, and no replication shall be necessary. And if the defendant fail to sustain the matter of the plea so heard, upon which matter, after motion made, he shall have the burden both as to the law and the facts, he shall nevertheless then have the right to go on to trial upon his answer as a whole.
Section 1475.5 clearly provides for the placing of a demurrer in an answer. However, since section 1491 was not expressly repealed when section 1475.5 was later adopted, and since repeals by implication are not favored by this Court, a defendant may still file a demurrer separate from his answer. The problem arose in the present case when a demurrer, filed with an answer in accord with section 1475.5, was overruled and a judgment was entered. Section 1491, the section covering demurrers filed separately, provides that when the demurrer is overruled the judgment may be entered and the defendant will not be allowed to answer without setting forth in an affidavit under oath that he has a good defense. This procedure has been and continues to be the procedure for a demurrer which is filed separately from or unaccompanied by an answer. However, no provisions paralleling section 1491 are found in section 1475.5. When a defendant, as in the case at bar, files his demurrer under section 1475.5 as part of his answer, "if his demurrer is overruled he will have his answer already lawfully on file and will not have to go through the process laid down by Section 1491 of the Code of 1942." Griffith, The New Mississippi Civil Practice Act  Its Background and Effect, 20 Miss.L.J. 1, 18 (1948).
"It [the new procedure] will not only simplify the pleadings and prevent delay in the trial, but will also prevent a judgment quod recuperet if the demurrer is incorporated in the answer, provided a good and substantial defense is also fully set forth in the answer at the time of filing." Casey, The Form and Content of Pleadings, 30 Miss.L.J. 373, 380 (1959). (Emphasis added.)
What application do these general rules have to the particular fact situation before this Court? The appellee in his Response to Defendant's Motion for Permission to File Answer refers to an agreement to let the question be decided on the demurrers  a demurrer by the appellant to the appellee's amended declaration which was incorporated in appellant's answer and appellee's demurrer to appellant's counterclaim. This allegation is never challenged in any of appellant's pleadings. Such an important statement of fact certainly should have been controverted by appellant if the statement is not true. The opinion of the trial court clearly shows that the court decided the case on the demurrers after a careful study of all the pleadings, including the answer of appellant, which revealed that no questions of fact remained for determination. After a careful reading of the pleadings in the case we agree with the judge in the court below that after the reasonableness of the attorneys' fees was stipulated there remained no questions of fact, but only questions of law. Appellant's motion to amend his answer to add a sixth affirmative defense raised no new issue of fact which was relevant or material to the decision of the case. We find no error in the actions of the trial judge acting under section 1475.5.
The second question presented is: Should Bush indemnify the City of Laurel for the $10,000 which the City paid Mrs. Upton in settlement of her claim against it?
An obligation to indemnify may arise from a contractual relation, from an implied contractual relation, or out of liability imposed by law. When one person is required to pay money which another person in all fairness should pay, then the former may recover indemnity from the latter in the amount which he paid, provided the person making the payment has not *260 conducted himself in a wrongful manner so as to bar his recovery. 42 C.J.S. Indemnity § 20 (1944). We find that the liability of Bush arose by operation of law. Except as provided by Mississippi Code 1942 Annotated section 335.5 (1956) there is no right of contribution in Mississippi where the parties are joint tort feasors or are in pari delicto  i.e., where the injury resulted from the concurring negligence of both parties. However, parties are not pari delicto when one party does the act or creates a dangerous situation and the other party is liable or because of passive negligence in failing to remedy the defect or because of a non-delegable statutory duty. Central Sur. & Ins. Corp. v. Mississippi Export R.R., 91 F.2d 125 (5th Cir.1937). As in the case at bar, a municipality cannot be considered in pari delicto with the person who caused the defect or destruction. City of Mobile v. George, 253 Ala. 591, 45 So.2d 778 (1950); Robertson v. City of Paducah, 146 Ky. 188, 142 S.W. 370, 40 L.R.A.,N.S., 1153 (1912); Township of Hart v. Noret, 191 Mich. 427, 158 N.W. 17, L.R.A. 1916F, 83 (1916); Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319 (1951); Prosser, Law of Torts § 48 (3d ed. 1964). The rule is clearly set out in St. Louis & San Francisco Railway v. United States, 187 F.2d 925 (5th Cir.1951): "[I]n Mississippi, as generally elsewhere, a right of indemnity * * * arises in favor of one not actively at fault against an active wrongdoer." 187 F.2d at 927. The City's right to indemnity in this case was not effected by the fact that the City had given its consent to the operation which caused the defect or obstruction.
Southwest Mississippi Electric Power Association v. Harragill, 254 Miss. 460, 182 So.2d 220 (1966) sets forth the rule that for a party to recover indemnity he must show that he was legally liable and that he paid under compulsion. That case differs from the case at bar in that the indemnitor would not have been liable for the injuries for which he paid. The City cannot be considered a volunteer when its liability had been clearly established in the earlier case of City of Laurel v. Upton, supra, and only the amount remained in question. Harragill, supra, cites as authority 42 C.J.S. Indemnity § 25 at 603-604 (1944) which also states that a person who is liable may adjust and pay the claim before suit but the risk of non-liability or unreasonableness of amount paid rests on him.
As a necessary part of his damages the indemnitee may recover reasonable attorney's fees, expenses including court costs, and interest, and the cost of an unsuccessful appeal when taken with the indemnitor's authority. Morse Auto Rentals, Inc. v. Dunes Enterprises, 198 So.2d 652 (Fla.Ct.App. 1967); Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla.Ct. App. 1962); Pure Oil Co. v. Geotechnical Corp., 129 F. Supp. 194 (E.D.La. 1955); 27 Am.Jur. Indemnity § 27 (1940); 42 C.J.S. Indemnity § 13 (1944). Bush has stipulated that the $9,098.26 in attorneys' fees is reasonable, and an authority for the appeal may be found in the fact that all defendants in the case appealed.
We need only touch on appellant's final assignment of error and state that we agree with the court below that the second count of appellee's declaration is really another count in tort. Since both counts of the declaration sound in tort, Nasif v. Booth, 221 Miss. 126, 72 So.2d 440 (1954), which is cited by appellant is not applicable to the case at bar.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.