PER CURIAM.
Stevenson Insurance Associates, Inc., is the appellant here. Appeal No. 69-75 is from a final judgment for the plaintiff, Morris Cohen. Appeal No. 69-74 is from a final judgment for Boston Old Colony Insurance Company, co-defendant in Cohen’s action and cross-plaintiff against Stevenson. The judgments were entered upon jury verdicts.
Olivia Tinker, not a party to these appeals, was injured on premises owned by Cohen and upon which Cohen had a liability insurance policy issued by Boston. Tinker recovered a judgment against Cohen. Then Cohen sued Boston and Stevenson alleging: (1) that the insurance company (Boston) was obligated to defend the Tinker claim, and (2) that the insurance broker (Stevenson) had been responsible for the failure of Boston to defend because of Stevenson’s negligent handling of the suit papers. Boston cross-claimed against *120 Stevenson alleging' that its failure to defend was caused by Stevenson’s negligent handling of the suit papers. The jury returned a verdict for Cohen against both Boston and Stevenson. It also returned a verdict for Boston against Stevenson on the cross-claim.
Appellant presents three points on each appeal. Points one and two on its appeal from the judgment in favor of Cohen urge the insufficiency of the complaint and the insufficiency of the evidence to support the verdict for Cohen. A review of the record convinces us that the complaint stated a cause of action and that Cohen proved a prima facie case. Appellant’s third point is multipartite rather than singular and therefore unclear. Cf. Serotkin v. Flavin, Fla.App.1959, 111 So.2d 483. But the main thrust of the argument under the point is that the trial judge erred in denying appellant’s motion for a new trial upon the ground that the verdict on the main claim is inconsistent with the verdict on the cross-claim. See Tobin v. Garry, Fla.App.1961, 127 So.2d 698; Durbin Paper Stock Co. v. Watson-David Insurance Co., Fla.App.1964, 167 So.2d 34.
The verdicts were not inconsistent upon the evidence before the jury. There is evidence in the record to support a finding by the jury that defendant Stevenson was the agent of defendant Boston for the purpose of receiving the suit papers in the Tinker action. In addition there is evidence to support a finding that Stevenson, after having received the suit papers and assuring Cohen that no further action was necessary, negligently failed to notify Boston of the suit filed against Cohen. Therefore, a verdict in favor of Cohen against Stevenson for Stevenson’s failure to perform its duty to Cohen is not inconsistent with a verdict in favor of Boston for the failure of Stevenson to notify Boston of the suit filed against Cohen. Of course there is evidence against both of these possible conclusions of the jury. Perhaps we might not have found as the jury presumably did, but that does not render the verdicts inconsistent.
Appellant’s first two' points on its appeal from the judgment in favor of Boston Old Colony Insurance Company urge that the evidence is insufficient in the particulars of proximate cause and proof of damage. A discussion of the evidence would unduly lengthen this opinion since we find the evidence sufficient in each case.
Appellant’s last point is that the court erred when it included in the judgment upon the cross claim the amount awarded as attorney’s fees to the policyholder in its suit against the insurance company. See § 627.0127, Fla.Stat., F.S.A. We hold that the attorney’s fees were properly included in the judgment against appellant under the rule stated in Fontainebleau Hotel Corporation v. Postol, Fla.App.1962, 142 So.2d 299, and Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc., Fla.App.1967, 198 So.2d 652.
The judgments appealed from are affirmed.