283 So.2d 388 (1973)
Frances M. DILLMANN and Jaime V. Dillmann, Her Husband, Appellants,
v.
Daniel S. HELLMAN, M.D., Appellee.
No. 73-117.
District Court of Appeal of Florida, Second District.
October 5, 1973.
Cary R. Singletary, and Paul B. Johnson, Gregory, Cours, Paniello & Johnson, Tampa, for appellants.
Joe C. Carey, Earle, Carey & Yanchuck, St. Petersburg, for appellee.
COWART, JOE A., Jr., Associate Judge.
Nine days after the appellant had been admitted and confined in the hospital, her psychiatrist, the appellee, thought she had progressed sufficiently to be transferred from the west wing to the more rehabilitative but less secure east wing of the same ward. Within twenty-four hours she jumped from an open window and injured herself.
When sued for negligence, the appellee moved for summary judgment, filing his own deposition and that of the appellant's present physician. Both depositions affirm that appellee's treatment conformed to the medical standards of the community. The appellant filed no opposition affidavits or evidence and appeals the summary judgment entered against her.
The cases cited by the appellant are distinguishable from the facts in this case. In Holl v. Talcott, Fla. 1966, 191 So.2d 40, the defendant physicians produced only their own affidavits which the patient opposed with a physician's affidavit. See the discussion of Holl in Stetson Intramural Law Review, Vol. 3, No. 1, page 42. This is not a case where lay persons can observe physical facts which may themselves be evidence of medical negligence as in Michaels v. Spiers, Fla.App. 1962, 144 So.2d 835 *389 and Atkins v. Humes, Fla. 1959, 110 So.2d 663.
All that is left is the hindsight argument that the psychiatrist was negligent because if it were his judgment that the appellant could be safely transferred to an area of less security the result proves he erred. This argument is no substitute for admissible evidence and disregards the fact that physicians and other professionals practice the arts and must be allowed a wide range in the exercise of judgment and discretion. They cannot insure results and cannot be held liable under law for honest errors of judgment made while pursuing methods, courses, procedures and practices recognized as acceptable by their profession. See Potock v. Turek, Fla. App. 1969, 227 So.2d 724.
The order granting summary judgment in favor of appellee is affirmed.
MANN, C.J., and BOARDMAN, J., concur.