311 So.2d 778 (1975)
Hazel HICKMAN and Wade G. Hickman, Her Husband, Appellants,
v.
The EMPLOYERS' FIRE INSURANCE COMPANY et al., Appellees.
No. 73-1330.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
Rehearing Denied May 6, 1975.
Daniel H. James, Hamilton, James, Merkle & Young, West Palm Beach, for appellants.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees Ramos and Employers' Fire Ins. Co.
George S. Okell, Jr., West Palm Beach, for appellees Continental Ins. Co. and Southwestern Palm Beach County Public Hospital District d/b/a Glades General Hospital.
*779 WALDEN, Judge.
Plaintiffs brought a malpractice suit against Dr. Baker, a surgeon, and Dr. Ramos, a hospital pathologist. The gravamen of the suit against Dr. Baker was that he had improperly excised, or damaged, a portion of Mrs. Hickman's bile duct while doing a routine gall bladder removal. The suit against Dr. Ramos charged that he, as the examining pathologist required to check the excised tissue, had negligently failed to notice the attached bile duct when examining the removed gall bladder. Dr. Ramos pled not guilty and testified the bile duct was not attached to the gall bladder when he examined it. He testified that the only tissue delivered to him was the diseased gall bladder and nothing more.
The jury returned a verdict against Dr. Baker and exonerated Dr. Ramos. The plaintiff appeals the Ramos verdict, claiming solely that an improper jury instruction had been given. We disagree and affirm.
The questioned instruction was as follows:
"Since the science of medicine is not an exact science, a physician is not to be held liable for an honest error in judgment. He is to be allowed a wide range in the exercise of his judgment and discretion and in order to hold him liable, it must be shown that the course he pursued was clearly against the course recognized as correct by his profession."
Plaintiff claims the instruction is erroneous under the facts of this case because there was no variety of courses available to Dr. Ramos from which he might medically make a choice. This is too fine a distinction. Many things could combine to show a course of action pursued by Dr. Ramos, for example, the amount of time from operation to examination, the procedures used in the pathology lab for identification and preservation, and, in fact, the evidence showed Dr. Ramos examined the tissue twice  upon request of Dr. Baker  a procedure that evidenced a course of action he pursued in making sure of his examination. The subject instruction has been approved in Potock v. Turek, 227 So.2d 724 (Fla.App. 3rd 1969); see Dillmann v. Hellman, 283 So.2d 388 (Fla.App. 2nd 1973).
In addition to the challenged instruction, the court gave the following:
"Now this is an action of damages allegedly due to negligence on the part of a physician or physicians. In order for plaintiffs to recover in such an action, it must be proved to you by a greater weight of the evidence that the physician in question, in the performance of his surgical or pathological duties to the plaintiff, Hazel Hickman, either:
"(1) Did some particular thing or things that physicians of ordinary skill, care and diligence, practicing at the same time and in the same general area, and in the same specialty, would not have done in like or similar circumstances; or
"(2) Fail to do some particular thing or things that a physician of ordinary skill, care and diligence, practicing at the same time and in the same general area, and in the same specialty, would have done in like or similar circumstances."
This portion of the charge is an accord with the criterion accepted and approved in Florida, Brooks v. Serrano, 209 So.2d 279 (Fla.App. 4th 1968); Lab v. Hall, 200 So.2d 556 (Fla.App. 4th 1967); Brown v. Swindal, 121 So.2d 38 (Fla.App. 1st 1960), and is so conceded by appellants. The complained of instruction is not so different from this instruction, each charges that care must be taken in accord with professional practice.
Appellants' argument that the jury was misled because Dr. Baker was found negligent is without merit. There is no necessity for Dr. Ramos to be found negligent *780 because Dr. Baker was. There was adequate evidence to support a finding by the jury, in accord with Dr. Ramos' testimony, that there was no tissue improperly attached to the excised gall bladder when he examined it; there was an inference that the duct, if removed, may have been detached from the excised bladder before Dr. Ramos saw it, and there was evidence that the bile duct may have wasted away within the patient's body cavity because of improper surgical procedures, rather than having been excised.
Affirmed.
CROSS, J., concurs.
OWEN, C.J., concurs specially with opinion.
OWEN, Chief Judge (specially concurring).
I concur in the decision to affirm the judgment because, while I have the view that it clearly was error to give the instruction of which appellants complain, such instruction was harmless error under the circumstances of the case.
The instruction of which appellants complain is proper only when the charge of negligence against the physician is an alleged failure to properly exercise the necessary degree of skill and judgment in diagnosing a condition or in selecting a proper course of treatment. No such charge was made in this case. All agree that Dr. Ramos selected the correct method and technique of performing his duties as a pathologist. He was charged only in having negligently performed the selected method. Thus, the instruction complained of simply was not applicable to the issue in this case.
In my opinion the error was harmless. The jury was otherwise properly instructed as to the standard of care required of Dr. Ramos. Additionally, he himself testified unequivocally that had a portion of the common bile duct been attached to the gall bladder specimen at the time the same was received by him at the lab it would have been negligence on his part not to have seen it and not to have immediately reported it to the surgeon. Thus, there is no reason to believe that the jury was confused as to the proper standard by which to judge Dr. Ramos' performance, nor any reason to believe that the jury exonerated him on any basis other than accepting as true his emphatic statement that the bile duct was not attached to the gall bladder when he examined it. Appellants' argument to the effect that a verdict favorable to the pathologist is inconsistent with a verdict against the surgeon is subject to the infirmities noted in the opinion authored by Judge Walden.