325 So.2d 566 (1976)
CELOTEX CORP. et al.
v.
BECKNELL CONSTRUCTION, INC.
No. 48277.
Supreme Court of Mississippi.
January 19, 1976.
Rehearing Denied February 10, 1976.
Fox & Gowan, David K. McGowan, Jackson, for appellants.
Heidelberg, Woodliff & Franks, Timothy R. Smith, Sam E. Scott, Jackson, for appellee.
Before PATTERSON, INZER and SUGG, JJ.
SUGG, Justice.
Becknell Construction, Inc. filed suit in the Circuit Court of Rankin County against Campbell Roofing & Metal Works, Inc., Celotex Corp. and Barrett Roofing Co. to indemnify Becknell for damages sustained by it resulting from faulty workmanship of Campbell and defective materials supplied to Campbell by Barrett. Campbell was a subcontractor of Becknell and Barrett is a wholly owned subsidiary of Celotex. Judgment was rendered against Campbell and Celotex for $32,766.10 in favor of Becknell. Campbell did not appeal but Celotex appealed and states that since Barrett is its wholly owned subsidiary Celotex is the only real party appellant. *567 Becknell cross-appealed seeking recovery from Campbell and Celotex of attorneys' fees and expenses incurred by it in defending a suit against it by the Jackson Municipal Airport Authority and for attorneys' fees and expenses in prosecuting its suit against Campbell and Celotex for indemnity.
Becknell entered into a contract with the Airport Authority to construct major additions and alterations to the property of the Airport Authority in Rankin County. Under the contract between Becknell and the Airport Authority, Becknell warranted and guaranteed that all work would be of good quality, free from faults and defects and in compliance with the plans and specifications. The warranty included defects resulting from the use of inferior materials and workmanship. Becknell entered into a subcontract with Campbell for constructing a roof and Campbell in turn warranted its work against all defects of materials and workmanship.
Soon after construction of the roof was completed the roof blistered and leaked. Two unsuccessful repair attempts were made, the first by Campbell and the second by Campbell at the direction and expense of Celotex. In the original installation of the roof and in both repair attempts Celotex materials were used. When the roof continued to leak after these two repair attempts, the Airport Authority gave notice to Becknell that it would have the roof replaced by another contractor if Becknell did not replace it. Becknell in turn gave notice to Campbell and Celotex, and when they failed to act, the Airport Authority had the roof replaced by Southern Roofing Company. Thereafter the Airport Authority filed suit against Becknell which resulted in a judgment against Becknell in the amount of $32,546.05. Ample notice of the pending litigation was given by Becknell to Celotex and Campbell wherein Becknell requested Celotex and Campbell to indemnify and hold Becknell harmless against all claims and damages of the Airport Authority. Celotex and Campbell did not participate in the litigation.
The first question is whether Becknell is entitled to be indemnified by Celotex. This question was answered affirmatively in Bush v. City of Laurel, 215 So.2d 256 (Miss. 1968). The City of Laurel and Bush were sued by Mrs. Upton who obtained a verdict of $84,583. On appeal, in City of Laurel v. Upton, 253 Miss. 380, 175 So.2d 621 (1965), the liability of all but one of the defendants was affirmed, but the case was reversed and remanded for a new trial on the question of damages only. While Upton was pending in the Supreme Court, the City of Laurel sued Bush for indemnity claiming that its negligence was passive and Bush was liable for the damages sustained by Mrs. Upton because of his negligence in leaving a ditch open while working on the city streets. On remand, Upton was finally settled by payment of $15,000 by Bush and $10,000 by the City of Laurel to Mrs. Upton. 215 So.2d at 257.
The City of Laurel obtained a judgment against Bush for the $10,000 paid in settlement of the case plus attorneys' fees and court costs which it paid out defending Upton. The Court affirmed the judgment in Bush v. City of Laurel, supra, on the theory that Bush was obligated to indemnify the City:
An obligation to indemnify may arise from a contractual relation, from an implied contractual relation, or out of liability imposed by law. When one person is required to pay money which another person in all fairness should pay, then the former may recover indemnity from the latter in the amount which he paid, provided the person making the payment has not conducted himself in a wrongful manner so as to bar his recovery. 42 C.J.S. Indemnity § 20 (1944). We find that the liability of Bush arose by operation of law. (215 So.2d at 259-60).
Becknell was required to pay money because of the defective workmanship *568 of Campbell and defective materials furnished Campbell by Celotex. Becknell's liability arose because it was a prime contractor and warranted all materials and workmanship. Becknell paid the Airport Authority the cost of placing a new roof on the buildings and, in all fairness, this expense should be borne by Campbell and Celotex. We therefore hold that Becknell is entitled to recover on the theory of indemnity.
Celotex urges that the proof was not sufficient to sustain the verdict of the jury because it was not shown that the materials furnished by Celotex were defective. We have carefully considered the record and find that the jury reached its verdict on conflicting evidence. We therefore do not disturb the verdict of the jury as to liability.
The final question for disposition is whether Becknell is entitled to recover attorneys' fees and court costs from Celotex. The judgment rendered against Becknell in favor of the Airport Authority in the amount of $32,766.10[1] represents the judgment previously rendered against Becknell in favor of the Airport Authority plus interest.
Becknell contends that it is entitled to attorneys' fees for defending the suit against it by the Airport Authority and also for attorneys' fees in bringing the suit against Becknell and Campbell.
The general rule is that an award of attorneys' fees in indemnity cases is limited to the defense of the claim indemnified against. It is stated in 41 Am.Jur.2d Indemnity § 36, at 726-727 (1968) as follows:
The allowance of attorneys' fees is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity. (Emphasis supplied.)
To the same effect is 42 C.J.S. Indemnity § 13, at 587 (1944). Accord, Whatley v. Crown Sash Door, Inc., 514 S.W.2d 467, 469 (Tex.Civ.App. 1974); Fidelity & Casualty Co. of New York v. Bisso, 179 La. 56, 153 So. 19, 21 (1934); Miller v. Bush, 42 S.W.2d 156, 159 (Tex.Civ.App. 1931); Southwest National Bank v. Employers' Indemnity Corp., 12 S.W.2d 189, 191 (Tex.Com.App. 1929). With reference to allowance of attorneys' fees to an indemnitee, we stated in Bush:
As a necessary part of his damages the indemnitee may recover reasonable attorney's fees, expenses including court costs, and interest, and the cost of an unsuccessful appeal when taken with the indemnitor's authority. Morse Auto Rentals, Inc. v. Dunes Enterprises, 198 So.2d 652 (Fla.Ct.App. 1967); Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla.Ct.App. 1962); Pure Oil Co. v. Geotechnical Corp., 129 F. Supp. 194 (E.D.La. 1955); 27 Am.Jur. Indemnity § 27 (1940); 42 C.J.S. Indemnity § 13 (1944). (215 So.2d at 260).
Becknell expended $2,337.85 for court costs and attorneys' fees in defending the suit against it by the Airport Authority. In accord with our holding in Bush, Becknell is entitled to recover for these items.
In Bush the question of attorneys' fees for bringing the indemnity suit against Bush, indemnitor, by the City, indemnitee, was not raised and not decided. Becknell claims that it is entitled to recover additional expenses and attorneys' fees expended in its suit against Campbell and Celotex to establish its right of indemnity. In accord with the authorities cited above, we hold that Becknell is not entitled to recover *569 attorneys' fees and expenses from Campbell and Celotex in its suit against them to establish its right of indemnity.
We therefore affirm the lower court judgment of $32,766.10 against Campbell and Celotex, and render judgment here on Becknell's cross-appeal in the amount of $2,337.85 against Campbell and Celotex for court costs and attorneys' fees expended by Becknell in defense of the suit against it by the Airport Authority.
Affirmed in part, reversed in part and rendered.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] There is an obvious error of $10 in the jury verdict and judgment. However, no point is made of this on appeal. The record shows that the judgment against Becknell of $32,546.05 plus interest of $230.05 totals $32,776.10.