352 So.2d 1316 (1977)
CELOTEX CORPORATION
v.
CAMPBELL ROOFING AND METAL WORKS, INC.
No. 50005.
Supreme Court of Mississippi.
December 14, 1977.
Fox & Gowan, John H. Fox, III, Marc A. Biggers, Jackson, for appellant.
Johnston & Adams, Lem Adams, III, Brandon, for appellee.
EN BANC.
WALKER, Justice, for the Court:
This case grew out of a construction project undertaken by the Jackson Municipal Airport Authority. Becknell Construction, Inc. was the general contractor on the project, Campbell was the roofing subcontractor and Celotex supplied the roofing materials. Becknell warranted and guaranteed that all work would be of good quality, free from faults and defects and in compliance with the plans and specifications. The warranty included defects resulting from the use of inferior materials and workmanship. Becknell entered into a subcontract with Campbell for constructing a roof and Campbell in turn warranted its work against all defects of materials and workmanship.
*1317 Soon after construction of the roof was completed, the roof blistered and leaked. Two unsuccessful repair attempts were made, the first by Campbell alone, and the second by Campbell at the direction and expense of Celotex. In the original installation of the roof and in both repair attempts, Celotex materials were used. When the roof continued to leak after these two repair attempts, the airport authority gave notice to Becknell that it would have the roof replaced by another contractor if Becknell did not replace it. Becknell in turn gave notice to Campbell and Celotex, and when they failed to act, the airport authority had the roof replaced by Southern Roofing Company. Thereafter the airport authority filed suit against Becknell which resulted in a judgment against Becknell in the amount of $32,546.05.
Becknell thereupon filed suit against Campbell and Celotex for indemnity based upon the express warranty made by Campbell and the implied warranty of fitness made by Celotex. After a trial in the Circuit Court of Rankin County, Mississippi, a joint and several judgment was rendered against Campbell and Celotex for $32,766.10. Celotex appealed the judgment contending that the proof was not sufficient to sustain the verdict of the jury because it was not shown that the materials furnished by Celotex were defective. However, after careful consideration of the record, this Court found that the jury's verdict was based on conflicting evidence and the verdict would have to stand. Celotex Corp. v. Becknell Construction, Inc., 325 So.2d 566, 568 (Miss. 1976).
Although Becknell could have recovered in part from both Campbell and Celotex, since the judgment was joint and several, it chose recovery from Celotex alone. Consequently, under the compulsion of an execution of judgment issued by the clerk of the Circuit Court of Rankin County, Celotex was forced to pay the entire amount of the judgment which, with interest and costs, amounted to $37,517.20.
Thereafter Celotex (whose materials were found to be faulty) initiated the instant action in the Chancery Court of Rankin County seeking contribution from Campbell (whose workmanship was found to be faulty). Celotex acknowledges that it is precluded from a relitigation as to its liability for the judgment rendered against it and Campbell jointly and severally, but argues that each of the joint and several defendants should pay their proportionate share of the judgment and that the share of each defendant should be calculated or based upon the degree of fault of each defendant. In this regard, Celotex claims that the fault of its roofing materials, if any, was minute as compared to the lack of skill and workmanship and the failure of performance of the roofing contract by Campbell. Specifically, Celotex alleges that Campbell's lack of skill and workmanship and the failure of Campbell's performance of its contract was the direct and proximate cause of and contributed a minimum of ninety percent to the defective aspects of the roofing failure which was the basis of the $32,546.05 judgment against Celotex and Campbell.
Campbell demurred to Celotex's bill of complaint alleging that no equity appeared upon the face of the bill. The chancellor agreed and entered an order sustaining the demurrer.
This case presents three questions to be answered by this Court:
(1) Is contribution allowed between joint judgment debtors, one of whom was found liable to the judgment creditor, Becknell, on account of a breach of express warranty, and the other who was found liable to Becknell on account of breach of an implied warranty?
(2) Is contribution enforceable in a court of equity?
(3) Should contribution, if allowed, be pro-rata based upon the number of defendants or should it be based on the percentage of liability attributable to the seriousness of the conduct of each of them?

*1318 I.

IS CONTRIBUTION ALLOWED BETWEEN JOINT JUDGMENT DEBTORS, ONE OF WHOM WAS FOUND LIABLE TO THE JUDGMENT CREDITOR, BECKNELL, ON ACCOUNT OF A BREACH OF EXPRESS WARRANTY, AND THE OTHER WHO WAS FOUND LIABLE TO BECKNELL ON ACCOUNT OF BREACH OF AN IMPLIED WARRANTY?
The doctrine of contribution requires that persons having a common liability, such as the joint and several judgment against Campbell and Celotex, bear their individual share of the burden imposed and not have any one of them carry the full load. The general rule of common law is that one who is compelled to satisfy, or pay more than his just share of such common burden or obligation, is entitled to contribution from the others to obtain from them payment of their respective shares.
Contribution was generally allowed at common law except that no contribution could be had between tort-feasors and wrongdoers. This exception to the general rule allowing contribution was first enunciated in 1799 in the case of Merryweather v. Nixan, 8 Durn & E. 186, 101 Eng.Rep. 1337 (K.B. 1799). However, in England the exception to the rule was abolished in 1935 by the Law Reform (married women and tortfeasors) Act which provides that a tort-feasor may recover contribution from any other tort-feasor who is, or would, if sued, have been liable in respect of the same damage, whether as a joint tort-feasor or otherwise.
Prior to the passage of Mississippi Code Annotated section 85-5-5 (1972),[*] Mississippi followed the rule denying contribution between joint tort-feasors. In the case of Klaas v. Continental Southern Lines, 225 Miss. 94, 111-12, 82 So.2d 705, 707 (1955), it was said:
Before Chap. 259 was passed, there was in Mississippi no right in joint tort feasors to obtain contribution between themselves. Thomas v. Rounds, 161 Miss. 713, 137 So. 894 (1931); Mississippi Central R.R. Company v. Roberts, 173 Miss. 487, 160 So. 604 (1935); Teche Lines v. Pope, 175 Miss. 393, 166 So. 539 (1936); Meridian City Lines v. Baker, 206 Miss. 58, 39 So.2d 541 (1949).
... The effect of the statute was to create rights which did not exist before. And it destroyed a valid defense to an action available before the enactment of the statute. Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912). It took away a substantive right, a valid defense, and created a right in a joint tort feasor who has paid the entire judgment.
The only barrier to contribution which existed in Mississippi has now been removed by Mississippi Code Annotated section 85-5-5 (1972), except, perhaps, for those injuries or damages caused by willful or criminal acts which question is not now before us and the resolution of which will be left to a proper case.
The case of Bush v. City of Laurel, 215 So.2d 256 (Miss. 1968) does not in any way modify or otherwise qualify the general common law and statutory law with respect to contribution as the appellee, Campbell, seems to contend, and its argument in this regard is without merit.
The fact that Campbell's liability to Becknell was based on an express contract of warranty and Celotex's liability was based on an implied warranty, which by some authorities is a hybrid between tort and contract, see Coons v. Washington Mirror Works, Inc., 344 F. Supp. 653 (S.D.N.Y. 1972) and authorities cited therein, is of no consequence. Contribution is allowable by the common law if the action is considered contractual and by statute if considered tort.
We are, therefore, of the opinion and hold that there is no bar to contribution between joint and several judgment debtors, one of whom was found to be liable to the judgment creditor on account of a breach of express warranty, and, in the *1319 same case, the other was found liable on account of breach of an implied warranty.

II.

IS CONTRIBUTION ENFORCEABLE IN A COURT OF EQUITY?
In earlier times, the doctrine of contribution was enforced only in courts of equity. Later, courts of law assumed jurisdiction, and it is now settled that an action at law will lie on the theory of an implied contract of reimbursement. However, courts of equity have not been ousted of their jurisdiction in matters of this kind by the assumption thereof by the law courts. The jurisdiction is concurrent. 18 Am.Jur.2d Contribution § 66 (1965). Therefore, the cause of action was properly filed in the chancery court.

III.

SHOULD CONTRIBUTION BE PRORATA BASED UPON THE NUMBER OF DEFENDANTS OR SHOULD IT BE BASED ON THE PERCENTAGE OF LIABILITY ATTRIBUTABLE TO THE SERIOUSNESS OF THE CONDUCT OF EACH OF THEM?
The bill of complaint herein sought contribution from the appellee for a minimum of ninety percent of the judgment paid by appellant. Celotex, the appellant, contends that the better and more equitable rule is one apportioning a judgment based on the degree of fault of each defendant rather than upon a pro-rata division of the debt, and that a hearing by the chancery court should be had to establish the degree of legal liability each party should bear based on the fault of each. Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962).
Celotex recognizes that apportioning a judgment as to fault creates a problem in that a complete retrial must be had. However, they argue that it is no more a problem than confronts jurors every day across the state when they are asked to return verdicts based on comparative negligence.
This argument is not without merit, but we are of the opinion that, for the sake of consistency, we should follow the policy established by the Legislature in Mississippi Code Annotated section 85-5-5 (1972),[1] which provides for contribution on a pro-rata basis. This will avoid the necessity of a retrial of the facts on which the original judgment was based.
Accordingly, the order of the Chancery Court of Rankin County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[*] Enacted by Miss.Gen.Laws Ch. 259 § 335.5 (1952).
[1] In any action for damages where judgment is rendered against two (2) or more defendants, jointly and severally, as joint tort feasors, the defendants against whom such a judgment is rendered shall share equally the obligation imposed by such judgment, and if one (1) of such defendants pays an amount greater than the total sum of the judgment divided by the number of defendants against whom the judgment was rendered, then the other defendants shall be jointly and severally liable to him for the amount so paid in excess of his proportionate part; provided that no defendant shall be liable to any other defendant for more than his proportionate share of the original judgment.

Provided further, that in determining, for the purpose of the above contribution, the number of defendants against whom the judgment has been rendered, an employer and his employee, or a principal and his agent, shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or commission of his employee or agent.
Provided further, that the liability of such defendants against whom such a judgment has been rendered shall be joint and several as to the plaintiff in whose favor such judgment has been rendered.