393 So.2d 57 (1981)
NORTH MIAMI GENERAL HOSPITAL and Travelers Indemnity Company, Appellants,
v.
Sonia KRAKOWER and Noah Krakower, Dr. Michael Gilbert and National Guaranty Insurance Company, Appellees.
Nos. 79-1167, 79-1168.
District Court of Appeal of Florida, Third District.
February 3, 1981.
*58 High, Stack, Lazenby, Bender, Palahach & Lacasa and R. Scott Boundy and Charles R. Stack, Miami, for appellants.
Horton, Perse & Ginsberg and Edward A. Perse, Brumer, Cohen, Logan & Kandell, Miami, Bunnell, Graham & Denman and D. David Keller, Ft. Lauderdale, for appellees.
Before HUBBART, C.J., and HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN, Associate Judge.
These appeals are by the defendants North Miami General Hospital and Travelers Indemnity Company. The judgments appealed are: (1) for the plaintiffs, Sonia Krakower, as personal representative of the Estate of Noah Krakower, deceased, and Sonia Krakower, individually, against the hospital and its insurance carrier upon the claim for damages for negligence resulting in the death of the deceased; (2) for third-party defendants, Michael Gilbert, M.D. and his insurance carrier, upon the defendants' third-party claim for indemnity or contribution based upon alleged negligence of the doctor. The judgment for the plaintiffs followed a jury trial and verdict for the plaintiffs. The judgment upon the third-party claim was pursuant to a directed verdict for the third-party defendants. We affirm both judgments.
The deceased, Noah Krakower, was a man of known suicidal tendencies. He had been under the care of Dr. Gilbert, a psychiatrist, for several years. Noah was admitted to North Miami General Hospital, under Dr. Gilbert's care, for treatment. Upon a temporary release to get a haircut, Noah attempted suicide and was seriously injured. He was returned to the hospital and because of the nature of his injuries, he was transferred to the orthopedic floor of the hospital. There was evidence before the jury, which if believed by the jury, was a sufficient basis for the finding that the hospital was negligent in failing to adequately carry out the emergency room notation of "suicidal precautions". Ordinary procedure called for and Dr. Gilbert wrote in the hospital record a provision for 24-hour attendants. An attendant was secured by the hospital from a registry, but she was not informed of the patient's suicidal tendencies. She was requested by the patient to carry his dessert to the refrigerator. The patient jumped from the fire escape to his death.
The hospital's first point urges that there was not sufficient evidence to support the verdict and that, therefore, it was error not to grant the hospital's motions for a directed verdict. We find the evidence sufficient. It should be noted that we have not detailed all of the evidence in our outline above of the circumstances of the death. The duty of a hospital to adequately safeguard a patient of known suicidal tendencies is recognized by the law. See Horton v. Niagara Falls Memorial Medical Center, 380 N.Y.S.2d 116, 51 A.D.2d 152 (App.Div. 1976).
Our review of the evidence convinces us that the trial judge correctly directed *59 a verdict for the defendant Dr. Michael Gilbert upon the appellants' third-party claim. The record is devoid of evidence that the doctor departed from the standard of reasonable medical care. See Dillman v. Hellman, 283 So.2d 388 (Fla. 4th DCA 1973).
Appellants' points directed to claimed procedural errors and the failure to grant a mistrial do not present reversible error on this record. We have also examined the point directed to the refusal to give certain requested instructions and find that no error is shown.
Affirmed.