McDonald, justice
The Supreme Court Committee on Standard Jury Instructions (Civil) has submitted to this Court the following recommendations or changes: a new 4.2, Professional malpractice instruction; an amendment to 5.3, Legal cause (treatment without informed consent); and a division of existing 3.3b, Agency. It also seeks to add a commentary to 3.8, Contributory negligence.
We approve for publication these recommended additions and changes, which follow this opinion. We caution all interested persons, however, that the comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
Add the following new 4.2:
4.2
PROFESSIONAL NEGLIGENCE
a. Negligence (physician or hospital malpractice):
Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] [hospital] is the use of that knowledge, skill and care which is generally used in similar cases and circumstances by [physicians] [hospitals] in communities having similar medical standards and available facilities.

Comments on f2a

1. The committee recommends that no charge be given to the effect that “a physician is not to be held liable for an honest error in judgment” and that “it must be shown that the course he pursued was clearly against the course recognized as correct by his profession.” See Hickman v. Employers’ Fire Insurance Company, 311 So.2d 778, 779 (Fla. 4th DCA 1975). The charge is confusing, *1024 difficult of application and argumentative.
2. A higher standard of care may be applicable to a defendant physician possessing extraordinary knowledge and skill. See Prosser, Torts (4th ed.), § 32 at p. 161, and cases there cited.
3. In 1984 the committee considered whether section 768.45(2), Florida Statutes (1983), required changes to this charge as drafted prior to enactment of that statute, chapter 76-260, Laws of Florida, and determined that no revisions were required.
4. In giving 4.2a attention should be given to section 768.45(3), which contains a causation standard. The committee expresses no opinion on whether that causation standard is different from that already expressed in 5.1.
b. Negligence (treatment without informed consent):
Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] fname other health care provider specified in § 768.46(3)) ] in obtaining the [consent] [informed consent] to treatment of a patient consists of

when issue is whether consent was obtained irregularly

obtaining the consent of the [patient] [or one whose consent is as effective as the patient’s own consent, such as (describe) ], at a time and in a manner in accordance with an accepted standard of medical practice among members of the profession with similar training and experience in the same or a similar medical community.

when issue is whether sufficient information was given

providing the patient [or one whose informed consent is as effective as the patient’s informed consent, such as (describe) 1 information sufficient to give a reasonable person a general understanding of the proposed treatment or procedure, of any medically acceptable alternative treatments or procedures, and of the substantial risks and hazards inherent in the proposed treatment or procedure which are recognized by other [physicians] [(name other health care providers)] in the same or a similar community who perform similar treatments or procedures.
NOTE ON USE OF 4.2b
Use in conjunction with 5.3 on legal cause, which expresses the causation standard of section 768.46, Florida Statutes (1983).

Comment on 4.2b

This charge is derived from the provisions of section 768.46(3), Florida Statutes (1983).
c. Negligence of lawyer, architect, other professional:
Negligence is the failure to use reasonable care. Reasonable care on the part of a [lawyer] [architect] [name other professional) ] is that degree of care which a reasonably careful [lawyer] [architect] [(name other professional) ] would use under like circumstances. Negligence may consist either in doing something that a reasonably careful [lawyer] [architect] [(name other professional)] would not do under like circumstances or in failing to do something that a reasonably careful [lawyer] [architect] [(name other professional) ] would do under like circumstances.

Comment on 4-%c

This charge is a general one to be used when it has been determined as a matter of substantive law that a nonmedical professional can be held liable for negligence. 5 Cf First American Title Insurance Co. v. First Title Service Co., 457 So.2d 467 (Fla.1984) (liability of title ab-stracters runs only to known third party plaintiffs who may rely on opinion).
Substitute the following for present 5.3 (italicized word added):
*1025 5.3
LEGAL CAUSE (TREATMENT WITHOUT INFORMED CONSENT)
Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred. The negligent failure to obtain [informed] consent to a medical treatment or procedure is a legal cause of injury resulting from the treatment or procedure if, as a result of such negligence, the patient was induced to undergo a medical treatment or procedure to which the patient would not reasonably have consented had he been adequately informed.
NOTE ON USE
5.3 is to be used in conjunction with 4.2c, defining Negligence (treatment without informed consent). 5.3 was amended in 1983 only to add “reasonably” in the last line. See § 768.-46(3)(a)2, Fla.Stat. (1983).
Substitute the following for existing 3.3b:

b(l). Agency, master and servant (independent contractor distinguished):

whether (name) was an agent of (defendant) and was acting within the scope of his employment at the time and place of the incident complained of. [An agent is a person who is employed to act for another, and whose actions are controlled by his employer or are subject to this employer’s right of control.] An employer is responsible for the negligence of his agent if such negligence occurs while the agent is performing services which he was employed to perform or while the agent is acting at least in part because of a desire to serve his employer and is doing something that is reasonably incidental to his employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.
[But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a person who is engaged by another to perform specific work according to his own methods and whose methods of performing the work are not controlled by the person engaging him and are not subject to that person’s right of control.]

Comment on 3.3b(l)

For purposes of defining liability for negligence, there is no reason to distinguish between the relationship of principal and agent and the relationship of master and servant. See Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947).

b(2). Apparent agency:

whether (name) was an apparent agent of (defendant) and was acting within the scope of his apparent authority at the time and place of the incident complained of. [An agent is a person who is employed to act for another, and whose actions are controlled by his employer or are subject to his employer’s right of control.] (Name) was an apparent agent if (defendant) by his words or conduct caused or allowed (claimant) to believe that (name) was an agent of and had authority to act for (defendant) and if (claimant) justifiably relied upon that belief in dealing with (name) as the agent of (defendant). A person is responsible for the negligence of his apparent agent occurring while the apparent agent is acting within the scope of his apparent authority.
NOTE ON USE OF 3.3b(l) and (2)
If the court determines that issues on both actual agency and apparent agency should be submitted to the jury, give both 3.3b(l) and (2), omitting the bracketed language in b(2). When 3.3b(2) is used alone, give the bracketed language.

*1026
Comment on 3.8

While failure of the user to discover a product defect or to guard against the possibility of its existence is not a defense to a strict products liability action, West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla.1976), such conduct may constitute a defense in a negligence action.