ON JOINT MOTION FOR CLARIFICATION
PER CURIAM.
Pursuant to the parties’ joint motion for clarification, we withdraw our prior opinion and reissue it as follows.
This case involves an appeal and cross-appeals from an order which, inter alia, sets aside a jury verdict, grants a new trial, and denies a motion for judgment notwithstanding the verdict in a medical malpractice case. The evidence indicated that the patient, Ann Choronzy, suffered a stroke which could have been prevented had a CAT scan been performed by Humana of Florida, Inc. (a Daytona Beach hospital) as ordered by Dillard, a staff physician. We reverse those portions of the order which set aside the jury verdict and grant a new trial, but affirm the order in all other respects. We find the reasons are not sufficient in this case for granting a new trial.
Upon a review of the record, we think there is a reasonable and adequate basis to support the jury’s conclusion that the doctor was not negligent but the hospital was negligent and one hundred percent liable for the damages suffered by the plaintiff.[1] We also do not agree that counsel’s remarks (taken in context) constituted a violation of the “Golden Rule” prohibition. Even if they did, they were not so egregious as to merit a new trial. We conclude that the trial court abused its discretion in granting a new trial for that reason. See, e.g., Smith v. Brown, 525 So.2d 868 (Fla.1988); Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla.1981); Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980).
We remand this cause to the trial court with directions to reinstate the jury verdict.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
GOSHORN, C.J., and W. SHARP and COWART, JJ., concur.

. Hickman v. Employers Fire Insurance Co., 311 So.2d 778 (Fla. 4th DCA 1975); Stevenson Insurance Associates, Inc. v. Cohen, 228 So.2d 118 (Fla. 3d DCA 1969).