IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60081
_____

DAVID L. EVANS,

Plaintiff-Appellant,

versus

NATIONAL UNION FIRE INSURANCE COMPANY, Etc.; ET AL,

Defendants.

BOH BROTHERS CONSTRUCTION COMPANY,

Defendant-Cross Defendant-Appellee.

MISSISSIPPI DEPARTMENT OF TRANSPORTATION,

Defendant-Cross Claimant-Appellee-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CV-146-GR
_____

December 13, 2002

Before KING, Chief Judge, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

David Evans ("Evans") appeals the grant of summary judgment in favor of defendants on his negligence claims, and the Mississippi Department of Transportation ("MDOT") appeals the grant of summary judgment in favor of Boh Brothers Construction Company ("Boh

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brothers") on its cross claim for indemnification. For the following reasons, we affirm the judgment of the district court.

I.

When portions of the left lane of I-10 in Harrison County, Mississippi were damaged by a third party's gas pipeline drilling, MDOT hired Boh Brothers to do the necessary repair construction work. During the project, Boh Brothers set up safety devices to warn passing motorists of the construction. These devices included concrete barriers, an arrow signboard, several orange channelization barrels, ten warning signs, reflectors on one of the concrete barriers and reflective tape.

On July 14, 1999, at approximately 4:30 a.m., plaintiff Evans struck a concrete barrier at the construction site on I-10. Accident reports indicate that the illuminated signal arrow board was not working and two orange channelization barrels were not in place. His accident was the second of three that occurred at the same location within a forty-five minute period.

Evans filed a negligence action against Boh Brothers, its insurer and MDOT. MDOT filed a cross-claim against Boh Brothers for indemnification.

II.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking Co., 307 F.3d 362, 365

2

(5th Cir. 2002). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record reflects that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

### III.

In this diversity case, we apply the law of Mississippi. Under Mississippi law, a defendant is not liable for a dangerous condition unless he has actual or constructive knowledge of that condition. Jackson v. Locklar, 431 So.2d 475, 479-80 (Miss. 1983). Evans does not dispute that neither MDOT nor Boh Brothers had actual notice of the missing barrels and the malfunctioning arrow. Instead, he argues that MDOT and Boh Brothers had constructive knowledge. "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986). A plaintiff's inability to negate the possibility that the dangerous condition arose minutes before the accident is fatal to his case. Id. at 286; Aultman v. Delchamps, Inc., 202 So. 2d 922 (Miss. 1967). Evans proffered no evidence as to when the arrow malfunctioned and when the barrels were knocked over. Nothing he presents negates the possibility that these conditions arose minutes before his accident. Viewing the evidence in the light most favorable to Evans, he cannot prove that the conditions

3

existed long enough for the defendants to have discovered them. Because Evans cannot establish that either Boh Brothers or MDOT had actual or constructive notice of the dangerous condition, the district court correctly granted summary judgment in favor of all defendants.

IV.

Because we hold that neither Boh Brothers nor MDOT is liable in this case, the only question remaining is whether MDOT is entitled to indemnification from Boh Brothers for attorney's fees and the costs of this lawsuit.

The contract between MDOT and Boh Brothers for this project contains a provision that Boh Brothers will indemnify MDOT "from all suits, actions or claims of any character brought because of injuries or damages received or sustained by person(s) or property resulting from his operations...." This provision is the standard indemnification provision in the Mississippi Standard Specification for Road and Bridge Construction § 107.14.1. It does not require that Boh Brothers indemnify MDOT for MDOT's own negligence, as any provision doing so would be void under Mississippi law. Miss. Code Ann. § 31-5-41 (1972). What it does is provide indemnification from "all suits, actions or claims" that arise from the actions or negligence of Boh Brothers in performing the contract.

MDOT asserts the indemnification provision described above includes an obligation to indemnify MDOT from costs and attorney's

4

fees in this case.  MDOT cannot recover costs and fees related to establishing its right to indemnification.  <u>Celotex Corp. v. Bucknell Construction, Inc.</u>, 325 So.2d 566 (Miss. 1976).  The costs and fees at issue here are not recoverable as part of a damage award, nor is there any finding that Boh Brothers' negligence caused this action. <u>Id.</u>  The costs and fees in issue arose from defending what turned out to be a groundless suit.  Had the contract between MDOT and Boh Brothers expressly included costs and fees in the indemnification provision, then indemnification would extend to costs and fees arising from groundless suits. <u>Blain v. Sam Finley, Inc.</u>, 226 So.2d 742, 745 (Miss. 1969).  However, there is nothing in the contract between MDOT and Boh Brothers that requires Boh Brothers to indemnify MDOT for costs and attorney's fees.  Because the contract between MDOT and Boh Brothers does not contain the requisite particularity with respect to indemnification for costs and attorney's fees, the district court correctly granted summary judgment in favor of Boh Brothers on MDOT's indemnification claim.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5