DICKINSON, Presiding Justice,
dissenting:
¶ 69. The majority declares that the lot owners around a lake have a drainage “easement by necessity (an easement not of record, but declared by the court), and then holds them liable for damages caused by a defective culvert located on someone else’s property and placed in the easement by someone else. The majority also holds the property owners’ association liable, declaring that it also has an “easement by necessity’ to the culvert — even though it owns no property. From this decision that is supported by no authority, I respectfully dissent.
¶ 70. The majority affirms the chancellor’s finding that Eastover Lake Association (ELA) has an easement by necessity. But ELA does not own the lake or any lot. And because it has no property, it can have no dominant estate. And without a dominant estate, it cannot have an easement.
¶ 71. Also, the majority erroneously holds ELA and the lake owners liable because it finds they have an easement not only to the drainage ditch, but also to the culvert in the ditch. Black’s Law Dictionary defines an “easement” as “[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose,” and it goes on to say that an easement “does not give the holder the right to possess, take from, improve, or sell the land.” [9]
¶ 72. Easements are granted to roadways, not to the paving or gravel on the road — and to drainage ditches, not to culverts or drainage pipes. So the lake owners may have had a right to use the culvert *594 (which was placed in a ditch to which they have an easement), but they did not have an “easement” to the culvert. Stated another way, today’s decision expands the law of easements to include easements to things. And without citing any authority to support its conclusion, the majority says an easement holder is liable for damage cause by a thing placed by others in the easement. I disagree.
¶ 73. The chancellor’s declaration that anyone possessed an easement to the culvert is unsupported in the record. The deed from Eastover Corporation to the lake owners and ELA never mentioned the culvert. Instead, it quitclaimed a flowage easement to ELA for the “inundation, ownership, control, operation and maintenance” of Eastover Lake; and it said nothing about a culvert system. The deed also conveyed a perpetual drainage-ditch easement to “all others” having a natural easement to the flow of the surface waters of the lake.
¶ 74. Finally, I would hold the chancellor in error for finding that the lake owners participated in active negligence— thereby depriving them of indemnity from the City of Jackson. Neither the chancellor nor the majority cites, suggests, or refers to any act of active negligence on the part of any lake owner. Instead, the chancellor says that the ELA and lake owners were negligent for failing to repair the culvert. But a failure to act does not rise to the level of active negligence.[10] ¶ 75. For these reasons, I dissent.
COLEMAN, J„ JOINS THIS OPINION.

. Black's Law Dictionary 431 (8th abr. ed.2005).

. See J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp., 34 So.3d 1171, 1174 (Miss.2010) (finding active negligence where the defendant caused the accident that resulted in the plaintiff's death); Bush v. City of Laurel, 215 So.2d 256, 260 (Miss.1968) (noting that indemnification is permissible if the defendant merely failed to remedy a defect). See also Black’s Law Dictionary 872 (8th abr. ed.2005) (defining “active negligence” as "resulting from an affirmative or positive act, such as driving through a barrier,” and "passive negligence” as "resulting from a person's failure or omission in acting, such as failing to remove hazardous conditions from public property”).